IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually, and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company,<br><br>     Defendant. | Case No. 12-15014<br><br>**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

Plaintiffs Michelle Cain and Radha Sampat (collectively "Plaintiffs") through their undersigned counsel, hereby respectfully move the Court for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3), but request that the Court enter and continue the instant motion until after the completion of discovery on class wide issues, at which time Plaintiffs will submit a fulsome memorandum of points and authorities in support of class certification.[1]

---

[1] Plaintiffs filed this motion at the outset of the litigation to prevent Defendant from attempting a so-called "pick off" to moot their representative claims (*i.e.*, tendering to them the full amount of their individual damages alleged in the complaint). *See Brunet v. City of Columbus*, 1 F.3d 390, 399–400 (6th Cir. 1993) (a "pick off" does not moot the named Plaintiffs' claims "where a motion for class certification has been pursued with reasonable diligence and is then pending before the district court."); *see also Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) ("Class-action plaintiffs can move to certify the class at the same time that they file their complaint. The pendency of that motion protects a putative class from attempts to buy off the named plaintiffs . . . If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation."). Plaintiffs additionally find it appropriate to file their motion for class certification at this early stage given the Supreme Court's recent grant of *certiorari* in *Genesis HealthCare Corp. v. Symczyk*, No. 11-1059, 2012 WL 609478 (U.S. June 25, 2012)—a case dealing with various "pick off" issues. Due to the fact that Plaintiffs have filed this motion simultaneously with the filing of the complaint, they were unable to obtain concurrence from Defendant for the relief sought in this motion. L.R. 7.1(d).

1

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**ISSUE PRESENTED**

Should this Court enter an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3)?

**CONTROLLING AUTHORITY**

Fed. R. Civ. P. 23(b)(2) and (b)(3).

**I.     THE PROPOSED CLASS**

1.     Plaintiffs seeks to certify this case as a class action on behalf of a proposed class defined as follows:

> All Michigan residents who had their Personal Viewing Information[2] disclosed by Redbox to a third party "service support" vendor or any other third party without written consent.[3] (Compl. ¶ 43.)

**II.     FED. R. CIV. P. 23'S REQUIREMENTS FOR CERTIFICATION**

2.     In determining whether to certify a class, the Court does not inquire into the merits of a Plaintiffs' claims. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Instead, "[w]hen evaluating whether to certify the class, the district court must take the allegations of plaintiffs as true, and any doubts as to certification should be resolved in favor of plaintiffs." *Eddleman v. Jefferson County, Ky.*, 96 F.3d 1448 (6th Cir. 1996); *see also Yadlosky v. Grant Thorton, L.L.P.*, 197 F.R.D. 292, 295 (E.D. Mich. 2000).

3.     The Court may certify a class when the plaintiffs demonstrate that the proposed class and proposed class representatives meet Rule 23(a)'s four prerequisites—numerosity,

---

[2]     "Personal Viewing Information" shall have the same meaning set forth in paragraph 2 of Plaintiffs' Class Action Complaint (the "Complaint"). (Dkt. No. 1.)

[3]     Plaintiffs anticipate the potential need to revise the class definition folowing the conclusion of discovery relating to class certification issues.

2

commonality, typicality, and adequacy of representation—and at least one of the three provisions of Rule 23(b).

4. As shown below, the Class satisfies each of Rule 23(a)'s prerequisites and the requirements for certification under Rules 23(b)(2) and (b)(3).

### A. The Proposed Class Satisfies Rule 23(a)'s Requirements

5. Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy the numerosity requirement, plaintiffs need only demonstrate that "the number of potential class members is large, even if plaintiffs do not know the exact figure." *In re Consumers Power Co. Sec. Litig.*, 105 F.R.D. 583, 601 (E.D. Mich. 1985); *see Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001) *aff'd*, 383 F.3d 495 (6th Cir. 2004) ("[W]here the exact size of the class is unknown but general knowledge and common sense indicate that it is large, the numerosity requirement is satisfied."); *see also Gradisher v. Check Enforcement Unit, Inc.*, 203 F.R.D. 271, 276 (W.D. Mich. 2001) ("[W]hile not an absolute rule, it is generally accepted that a class of 40 or more members is sufficient to establish numerosity.").

6. In this case, Plaintiffs allege that Defendant Redbox Automated Retail, LLC ("Defendant") disclosed, and continues to disclose, the Personal Viewing Information of thousands of its customers to unrelated third party companies without permission. (Compl. ¶¶ 2, 44.); *see Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004) ("[The] sheer number of potential litigants in a class, especially if it is more than several hundred, can be the only factor needed to satisfy Rule 23(a)(1)."). The present case therefore satisfies the numerosity requirement, since it affects thousands of consumers in the same way.

7. The second threshold to certification requires that "there are questions of law or

fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is present where a "common nucleus of operative fact" exists, and a "question of law refers to a standardized conduct of the defendants toward members of the proposed class." *See Snow v. Atofina Chemicals, Inc.*, 2006 WL 1008002 at *4 (E.D. Mich. Mar. 31, 2006) ("[A] lack of identical factual situations will not necessarily preclude certification where the class representative has shown sufficient common questions of law among the claims of the class members.").

8. For commonality to be demonstrated, "there need be only a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996) (quotation omitted). Generally, the issue of commonality is a relatively low and easily surmountable hurdle. *Scholes v. Stone, McGure, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992); *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).

9. As alleged in Plaintiffs' Complaint, all members of the Class share common questions of law and fact that predominate over issues affecting only individual members. (Compl. ¶ 47.) Those common factual and legal issues for the Class include: (1) whether Defendant is "engaged in the business of selling at retail, renting, or lending" video recordings; (2) whether Defendant obtained consent before disclosing Plaintiffs' and the Class's Personal Viewing Information to third parties; (3) whether Defendant's disclosure of Plaintiffs' and the Class's Personal Viewing Information violated § 445.1712 of the VRPA; (4) whether Defendant disclosed Plaintiffs' and the Class's Personal Viewing Information pursuant to any of the five enumerated exceptions contained in § 445.1713 of the VRPA; and (5) whether Defendant's disclosure of Plaintiffs' and the Class's Personal Viewing Information constitutes breach of contract, or, in the alternative, unjust enrichment. (Compl. ¶ 47.)

10. Rule 23 next requires that Plaintiffs' claims be typical of those of the Class. Fed.

R. Civ. P. 23(a)(3). The typicality requirement determines whether "a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class," and plaintiffs' claims are typical if they arise "from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am. Med. Sys., Inc.* 75 F.3d at 1082. Nevertheless, the existence of factual distinctions among named and absent class members will not preclude a finding of typicality if there is a "strong similarity of legal theories." *Int'l Union v. Ford Motor Co.*, 2006 WL 1984363 at *19 (E.D. Mich. July 13, 2006) *aff'd sub nom. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).

11. In this case, Plaintiffs' claims are typical of the absent class members because each claim is based upon identical conduct—Defendant's wrongful disclosure of Plaintiffs' and the Class's Personal Viewing Information. (Compl. ¶ 45.) Plaintiffs' and the absent class members' claims against Defendants are the same. Therefore, the typicality element is satisfied.

12. The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In determining whether the representation of the class is adequate, "the representative must have common interests with unnamed members of the class," and "it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 524-25 (6th Cir. 1976). The courts should also consider: "(a) the work counsel has done in identifying or investigating potential claims in the action, (b) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, (c) counsel's knowledge of the applicable law, and (d) the resources counsel will

commit to representing the class." *IUE-CWA v. Gen. Motors Corp.*, 238 F.R.D. 583, 592 (E.D. Mich. 2006).

13. In this case, Plaintiffs have the same interests as the proposed Class—obtaining relief from Defendant for the disclosure of their Personal Viewing Information without first obtaining their permission or giving them prior notice. (Compl. ¶¶ 46, 49.) Moreover, Plaintiffs' counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have had extensive experience in consumer class actions involving similar issues and that were of similar size, scope and complexity as the present case. (*See* Firm Resume of Edelson McGuire, LLC, a true and accurate copy of which is attached as Exhibit 1.) Accordingly, both Plaintiffs and their counsel will adequately represent the Class.

**B.     The Proposed Class Satisfies the Requirements of Rules 23(b)(2) and (b)(3)**

14. Once the subsection (a) prerequisites are satisfied, plaintiffs seeking certification under Rule 23(b)(2) or 23(b)(3) must satisfy several additional requirements. Rule 23(b)(2) provides that the party or parties opposing certification must have acted or failed to act on grounds generally applicable to the proposed class "so that final injunctive relief or corresponding declaratory relief is appropriate . . . ." Fed. R. Civ. P. 23(b)(2); *see Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 427 (6th Cir. 2012); *see also Little Caesar Enters., Inc. v. Smith*, 172 F.R.D. 236, 268 (E.D. Mich. 1997). In this case, Defendant wrongfully disclosed the Personal Viewing Information of Plaintiffs and thousands of other Class members, without consent. (Compl. ¶¶ 2, 44, 45, 49.) Thus, Defendant acted and failed to act on grounds generally applicable to the Class as a whole, making final injunctive relief necessary to protect Plaintiffs and the Class from such conduct in the future, and satisfying the requirements of Rule 23(b)(2).

15. Rule 23(b)(3) provides that a class action may be maintained where the questions

of law and fact common to members of the proposed class predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 339 (E.D. Mich. 2001). In this case, common issues of fact and law predominate. Defendant's unlawful disclosure of Plaintiffs' and the Class members' Personal Viewing Information, as well as its failure to obtain consent or give notice prior to the disclosures, is common to all Class members' claims and predominates over any issues affecting only individual members. (Compl. ¶ 47.)

16. Rule 23(b)(3) further requires that the class action mechanism be superior to other available methods for the fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3); *O'Neil,* 165 F.R.D. at 495. That requirement is satisfied here. The injuries suffered by individual Class members are likely to have been relatively small compared to the burden and expense of individual prosecution of the litigation necessitated by Defendant's actions. (Compl. ¶ 48.) Thus, absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief. Maintenance of this case as a class action is also superior to other available methods because it would avoid the necessity for multiple adjudications of identical legal and factual issues, thereby reducing the burden on the judiciary. (*Id*.)

17. For the reasons stated above, and which will be borne out by class discovery, this case is appropriate for class certification. Plaintiffs hereby request that the Court allow for and schedule discovery to take place on classwide issues, at the conclusion of which, Plaintiffs will file a memorandum in support of this motion detailing the appropriateness of class certification and asking the Court to rule on this motion at that time.

**WHEREFORE**, Plaintiffs Michelle Cain and Radha Sampat, individually and on behalf

of the proposed Class, respectfully requests that the Court: (1) enter and reserve ruling on Plaintiffs' Motion for Class Certification, (2) allow for and schedule discovery to take place on classwide issues, (3) grant Plaintiffs leave to file a memorandum in support of their Motion for Class Certification upon the conclusion of classwide discovery, (4) grant Plaintiffs' Motion for Class Certification after full briefing of the issues presented herein, and (5) provide all other and further relief that the Court deems equitable and just.

Respectfully submitted,

Dated: November 13, 2012

**MICHELLE CAIN and RADHA SAMPAT**, individually, and on behalf of a class of similarly situated individuals,

By: /s/ Ari J. Scharg
One of Plaintiffs' Attorneys

Christine E. Ficks (P64625)
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Tel: (313) 393-7561
Fax: (313) 393-7579
cficks@bodmanlaw.com

Rafey S. Balabanian
Ari J. Scharg
EDELSON MCGUIRE, LLC
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
rbalabanian@edelson.com
ascharg@edelson.com

*Counsel for Plaintiffs Michelle Cain and Radha Sampat and the Putative Class*