# Exhibit C

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court, C.D. Illinois.
John E. CONVINGTON, Plaintiff,
v.
MITSUBISHI MOTORS NORTH AMERICA, INC. and United Auto Workers Union Local 2488, Defendants.

No. 04-cv-1315.
March 27, 2007.

John E. Covington, Peoria, IL, pro se.

Stanley Eisenstein, Katz Friedman Eagle Eisenstein & Johnson, Scott A. Schoettes, John R. Hayes, Latham & Watkins, Chicago, IL, Joel E. Krischer, Latham & Watkins, Los Angeles, CA, for Defendants.

*ORDER*

JOE BILLY McDADE, United States District Judge.

**\*1** Before the Court are the Motion for Summary Judgment filed by the Defendant, Mitsubishi Motors North America ("MMNA"), on September 15, 2006 [Doc. 50] and the Motion for Summary Judgment filed by the defendant, United Auto Workers Union Local 2488 ("UAW 2488"), on October 6, 2006 [doc. 54]. For the reasons that follow, both motions are GRANTED.

A.
Background
1.
Procedural History

The Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") on September 13, 2004 [Doc. 1]. That motion was denied and this matter was dismissed, prior to the filing of a responsive pleading, because it appeared that the statute of limitations on the Plaintiff's claim had expired [Doc. 2]. The Plaintiff timely appealed and the Seventh Circuit Court of Appeals vacated that Order and remanded this matter for further proceedings [Doc. 19]. Upon remand, the Plaintiff was granted IFP status and a complaint was filed on December 22, 2005 [Doc. 22]. After a motion to dismiss was denied [Doc. 34], based on the Seventh Circuit mandate, the Plaintiff filed an amended complaint on May 18, 2006 [Doc. 38]. Both Defendants seek summary judgment on the allegations contained in the amended complaint.

On February 8, 2007, a hearing was held, in which the Plaintiff appeared, on various motions including a Federal Rule of Civil Procedure 56(f) motion in which the Plaintiff requested additional time to conduct discovery. That motion was denied and a subsequent hearing was set for March 22, 2007 for oral arguments on the motions for summary judgment. The Plaintiff failed to appear at the March 22 hearing and this Court found that the Plaintiff had thereby waived any additional arguments on summary judgment. The Court also notes that certain Orders, notices, and minutes that were mailed to the Plaintiff have been returned to the Court as undeliverable [Docs. 72-75].

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

## 2.
### Factual History

The undisputed evidence reveals that the Plaintiff was employed by MMNA on January 3, 1989. As an assembly line worker, the Plaintiff was a member of UAW 2488 and subject to a Collective Bargaining Agreement ("CBA") between UAW 2488 and MMNA. From November 23, 1998 to January 12, 1999, the Plaintiff missed work because he was incarcerated. The Plaintiff's employment was terminated on January 12, 1999 pursuant to MMNA's attendance policies.

In the amended complaint, the Plaintiff alleges six counts: counts 1, 3, 4, and 6 against MMNA and counts 2 and 5 against UAW 2488. Against MMNA, the Plaintiff alleges that the Defendant violated the CBA by failing to comply with the "just cause" and "last chance" provisions of the agreement (count 1); that it failed to hire (or rehire) him in January 6, 2003 because of his race (count 3); that MMNA committed the actions in count 1 negligently (count 4); and that it failed to hire (or rehire) him on October 15, 2004 [FN1] (count 6). Specifically, the Plaintiff alleges that MMNA terminated him without just cause and failed to rehire him in violation of the last chance provisions of the CBA. The Plaintiff further alleges that the Defendants conspired to keep the existence of these provisions from the Plaintiff and that he did not know of the provisions until he received discovery on October 15, 2004 in a state case.

> FN1. Defendant MMNA contends that this date must be in error and that the Plaintiff in fact meant January 6, 2003. The Plaintiff does not comment on this discrepancy, as such, the Court will accept the date of October 15, 2004 as listed in the amended complaint.

*2 Against UAW 2488, the Plaintiff alleges that the Union failed to arbitrate his termination and fairly represent him in violation of the CBA (count 2) and the Plaintiff alleges that the Defendant committed the acts in count 2 negligently (count 5). Specifically, the Plaintiff asserts that UAW 2488 did not arbitrate his termination, thereby failing to fairly represent him, because of his race.

It is undisputed that when the Plaintiff's employment was terminated, the Plaintiff submitted a grievance on January 15, 1999 to MMNA that was denied. (Scott Andrews Declaration Ex. A). UAW 2488 appealed that decision on March 8, 1999-an appeal that also was denied by MMNA. (Andrews Dec. Ex. B). UAW 2488 appealed this decision and sought arbitration of the dispute. (Andrews Dec. Ex. C). However, by a letter dated February 28, 2000, UAW 2488 decided that the Plaintiff's case could not be won in arbitration and it withdrew the grievance. (Andrews Dec. Ex. D). The Plaintiff was informed that he could appeal this decision. Upon the Plaintiff's appeal to the International Executive Board of the union regarding the withdrawal of the grievance, a hearing was held on September 26, 2000. (Andrews Dec. Ex. F). This final appeal was denied on January 4, 2001. (Andrews Dec. Ex. F).

In the interim, the Plaintiff filed a charge alleging a violation of Section 8 of the National Labor Relations Act, 29 U.S.C. § 158, with the National Labor Relations Board. This charge was denied by the regional director on November 30, 2000 and the Plaintiff was again informed how to appeal the decision. (Andrews Dec. Ex. E). There is no additional evidence in the record that the Plaintiff pursued any further appeals regarding UAW 2488's (or MMNA's) conduct during the grievance and appeals process. [FN2]

> FN2. In the Plaintiff's response to UAW 2488's motion, he indicates that he disputes a number of these facts. However, the Plaintiff offers no evidence to show a genuine issue as to any of these material facts.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

It is further undisputed that the CAB does not contain a "last chance agreement" clause. (Andrews Dec. ¶ 30). Rather, the last chance agreement is a form of grievance settlement between MMNA, UAW 3488, and an employee. (Andrews Dec. ¶ 31). Such a settlement never was offered or suggested by MMNA in relation to the Plaintiff's termination. (Andrews Dec. ¶ 31). However, it appears that a Last Chance Agreement was entered into by MMNA, UAW 2488, and a Darlene E. Feiste on February 18, 1999 (Pl. Resp. Doc. 65 Ex. F). The Defendants also entered into similar agreements with a Jeffrey Hobbs on June 27, 1997, July 8, 1996, and May 23, 1995 (Pl. Resp. Doc. 70, Ex. G and H), Marilee Hall on September 23, 1998 (MMNA Ex. F, COV 0621-0624), Steven Atkinson on July 8, 1996 (MMNA Ex. F, COV 0630-0633), and at least three others. (MMNA Ex. F, COV 0638-0640, COV 1012-1017, COV 1350-1355).

The evidence finally reveals that MMNA laid off over 1000 associates in September and October, 2004. (Melvin Hall Affidavit ¶ 4). From that time to August 13, 2006, MMNA has not hired any new production or maintenance employees. (Hall Aff. ¶ 5).

### 3.
### Prior Lawsuits

**\*3** Shortly after his termination, the Plaintiff began filing complaints against MMNA and UAW 2488 alleging, among other things, that he was wrongfully terminated. In his first complaint, filed on January 28, 2000 in this Court, *John Covington v. Mitsubishi Motor Manufacturing of America, Inc.,* 00-cv-1049 ("Covington 1"), the Plaintiff alleged that the Defendant wrongfully terminated him on account of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. (MMNA Ex. D). Summary judgment was granted in favor of the Defendant on this claim by an Order dated July 2, 2001. (MMMA Ex. A). The Plaintiff's remaining claims in Covington 1, a failure to promote claim, a retaliation claim, an Americans with Disabilities Act (ADA) claim, a worker's compensation claim, and a hostile work environment claim, were all dismissed with prejudice for the failure to exhaust administrative remedies. (MMMA Ex. A). An appeal of this decision to the Seventh Circuit Court of Appeals was dismissed on October 5, 2001. (MMNA Ex. I).

During Covington 1, it appears that the Plaintiff and MMNA were involved in a discovery dispute over documents to be produced by MMNA. From correspondence from attorney Matthew Rawlinson, who represented MMNA in Covington 1, to the Plaintiff, MMNA made certain documents available for inspection to the plaintiff beginning on September 21, 2000. (MMNA Exs. E, E-2). These documents include the Last Chance agreements listed above and bates-stamped COV 0001 to COV 2027. (MMNA Exs. E-3, E-6). The discovery dispute was resolved by Magistrate Judge Byron G. Cudmore in an order dated January 17, 2001. (MMNA Ex. G). In that order, Judge Cudmore noted that the documents were made available by MMNA in Bloomington, Illinois and that the Plaintiff failed to review the documents notwithstanding their availability. (MMNA Ex. G, p. 3). Specifically, Judge Cudmore indicated: "The Court is amazed that the Plaintiff has not visited and reviewed the records complied by Defendant." (MMNA Ex. G, p. 3).

"Covington 2 [FN3]" is a tortured state court case captioned, *John E. Covington v. Mitsubishi Motors Manufacturing of America,* 01-ch-316, and originally filed in the Circuit Court for Peoria County in August, 2001. (MMNA Ex. J) [FN4]. This case has a complicated procedural history that was outlined by this Court in an Order dated January 20, 2004, in *John Covington v. Mitsubish Motor Manufacturing of America,* 03-cv-1189, and will not be repeated here. In brief, the Plaintiff claimed that MMNA fired him in retaliation for the filing of a worker's compensation claim, among other things. (MMNA Ex. K, L). The Plaintiff then amended his complaint to allege that MMNA had failed to rehire him in January, 2003. (MMNA Ex. N). Judgment was entered for MMNA and against the Plaintiff by a trial court Order dated November 4, 2004. (MMNA Ex. O). This judgment

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

was affirmed by the Illinois Court of Appeals on November 8, 2005. (MMNA Ex. P). There is no showing that the Plaintiff appealed this decision to the Illinois Supreme Court.

> FN3. MMNA, in light of the number of amendments to the complaint in this case and the removal and ultimate remand of this case, has labeled it Covington 2 and 3.

> FN4. The "Filed" stamp on this complaint is unreadable; however, the Plaintiff indicates that he served the document on August 11, 2001.

**\*4** Subsequent to filing the case at bar, the Plaintiff filed another lawsuit in this Court, captioned *John E. Covington v. Mitsubishi Motors of North America,* 05-cv-1230, on August 8, 2005. The Plaintiff made similar allegations to the claims made in the case at bar: that, pursuant to 42 U.S.C. § 1981, MMNA had wrongfully failed to rehire the Plaintiff through a last chance agreement because of his race. By an Order dated August 22, 2005, the Court dismissed the case as time barred and frivolous. (MMNA Ex. S). The Seventh Circuit Court of Appeals summarily affirmed the dismissal by an order dated October 31, 2005. (MMNA Ex. T).

**B.**
**Discussion**
**1.**
**Summary Judgment Standard**

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court as to portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Once the movant has met its burden, to survive summary judgment the "nonmovant must show through specific evidence that a triable issue of fact remains on issues on which [s]he bears the burden of proof at trial." *Warsco v. Preferred Tech. Group,* 258 F.3d 557, 563 (7th Cir.2001); *see also Celotex Corp.,* 477 U.S. at 322-24. "The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence." *Chemsource, Inc. v. Hub Group, Inc.,* 106 F.3d 1358, 1361 (7th Cir.1997).

This Court must nonetheless "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir.1989). In doing so, this Court is not "required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-Isreal, B.M. v. Lee,* 928 F.2nd 232, 236 (7th Cir.1991). Therefore, if the record before the court "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of material fact exists and, the moving party is entitled to judgment as a matter of law. *McClendon v. Indiana Sugars, Inc.,* 108 F.3d 789, 796 (7th Cir.1997) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). However, in ruling on a motion for summary judgment, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

**2.**
**Res Judicata**

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

***5** MMNA first argues that the Plaintiff's claims are barred by the doctrine of *res judicata*.[FN5] Illinois law governs the preclusive effect of Illinois state court judgments, Hicks v. Midwest Transit, Inc., 2007 WL 609925, *2 (7th Cir.2007), and federal law governs the preclusive effect of federal court judgments. See Highway J Citizens Group v. U.S. Department of Transportation, 456 F.3d 734, 741 (7th Cir.2006). The doctrine provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980). The requirements are generally similar: there must be "(1) a final judgment on the merits in an earlier action; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or privies in the two suits." Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 (7th Cir.1993) (federal law); Hicks, 2007 WL 609925, *2 (state law).

FN5. UAW 2488 does not argue that *res judicata* bars the Plaintiff's action against it.

There is no doubt that in both Covington 1 and Covington 2 final judgment on the merits was rendered: in each case, summary judgment was granted in favor of the Defendant. There also is not doubt that there is identity of the parties: MMNA, or its predecessor, Mitsubishi Manufacturing of America, is a Defendant in each of the prior suits and this suit. The question is whether there is an identity of the causes of action.

Pursuant to federal and Illinois law, in order to determine whether a claim could have been raised, Courts employ the "same transaction" test:

a cause of action consists of a single core of operative facts giving rise to a remedy.... Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or lost. A plaintiff may not avoid an earlier judgment on the merits by merely concocting a new legal theory.

*Id.* (quoting Doe v. Allied-Signal, Inc., 985 F.2d 908, 913 (7th Cir.1983)).

See Manick v. Zeilman, 443 F.3d 922, 924 (7th Cir2006) (noting that the Illinois Supreme Court adopted the transaction test in River Park, Inc. v. City of Highland Park, 703 N.E.2d 883, 893-94 (Ill.1998)). In this case, the Plaintiff's claims against MMNA arise from the same operative fact: his firing on January 12, 1999. To be sure, the Plaintiff's theories of recovery have been different. In Covington 1, he asserted that MMNA discriminated against him because of his race when they fired him. In Covington 2, he asserted that MMNA retaliated against him for filing a worker's compensation claim when they fired him. He also asserted in Covington 2 that MMNA failed to rehire him or respond to applications for employment. (MMNA Ex. L). In this case, the Plaintiff asserts that MMNA violated the CBA because of his race when they fired him. In each instance, the facts used to support each claim are different; however, the single core fact giving rise to each claim is the firing. See Garcia v. Village of Mount Prospect, 360 F.3d 630, 637-638 (7th Cir.2004) (stating that "causes of action ... will constitute the same cause of action [ ] [as a prior suit] if the claims arise from the same group of operative facts even if there is not a substantial overlap of evidence" (internal editing marks and citations omitted)). As such, the Plaintiff's claims against MMNA in this case are subject to *res judicata.*

***6** The purpose of the doctrine of *res judicata* is "finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, *but as to any other admissible matter which might have been offered for that purpose."* Highway J Citizens Group, 456 F.3d at 741 (quoting Nevada v. United States, 463 U.S. 110, 129-130 (1983) (emphasis added)). This purpose is met by the conclusion that this lawsuit is the Plaintiff's third bite at attempting to reveal the impropriety of his termination. In each instance, the Plaintiff merely has changed the

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

legal theory upon which he proceeds. The Plaintiff also appears to change the factual allegations in order to meet the particular theory he advocates-in one instance he missed work because of injury or illness, and in another he missed work because he was incarcerated. Regardless of how or why the Plaintiff argues that MMNA improperly terminated his employment, these claims could have been brought in either Covington 1 or Covington 2. Instead the Plaintiff has chosen to file a new lawsuit for every theory of recovery. Allowing the Plaintiff to continue to do so would be contrary to the letter and spirit of the doctrine of *res judicata.*

**2.**
**Claims against UAW 2488 and MMNA related to the CBA**

The Plaintiff claims that the Defendants violated the CBA by failing to comply with a Last Chance provision. In addition, the Plaintiff claims that UAW 2488 violated the CBA by failing to fairly represent him in the grievance proceedings. Even if the Plaintiff's claims against MMNA are not precluded, these related claims must fail because they are time-barred.

The law is clear as to the statute of limitations that applies: the Plaintiff has 6 months, after exhausting grievance or arbitration remedies, to file suit pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). *See DelCostello v. Int'l Bhd. Of Teamsters,* 462 U.S. 151, 164, 172 (1983). This rule was reiterated by the Seventh Circuit, when the Plaintiff appealed his matter after the motion to dismiss was granted, and is thus law of the case. There is no question that the Plaintiff knew that the grievance had been withdrawn by a letter dated February 28, 2000. (Dec. of Scott Andrews, Ex. D). There is also no question that his appeal to the International Executive Board of the UAW was denied by a certified letter dated January 4, 2001. (Andrews Dec. Ex. F). Thus, the limitations period expired on July 4, 2001 well prior to the filing of the complaint in this lawsuit.

As the Seventh Circuit pointed out, the only way that the Plaintiff can escape the limitations period is by showing that it is tolled. "Equitable tolling of the statute of limitations permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory v. Lyons,* 469 F.3d 667, 673 (7th Cir.2006); *Arrieta v. Battaglia,* 461 F.3d 861, 867 (7th Cir.2006) (equitable tolling is available "only where the petitioner is unable to file the action within the statutory period due to extraordinary circumstances outside his control and through no fault of his own"). The Plaintiff must, however show "extraordinary circumstances" that must be balanced against the prejudice to the Defendants. *Savory,* 469 F.3d at 673.

**\*7** Equitable estoppel applies when a Plaintiff is "lulled into inaction by the defendants' fraudulent conduct upon which he actually and reasonably relied." *Smith v. Potter,* 445 F.3d 1000, 1010-1011 (7th Cir.2006).

The Plaintiff first argues that the filing of an EEOC complaint in Covington I somehow tolled the statute of limitations. There is no showing that the filing of such a complaint regarding race discrimination would toll a limitations period for breach of a CBA.

The Plaintiff next argues that the Defendants actively prevented him from realizing the true nature of his suit by failing to provide discovery related to the last chance agreements. This also is without merit. The discovery that the Plaintiff complains of was made available to him by MMNA in Covington I. That the Plaintiff chose to forego viewing this evidence is the type of lack of diligence that would not toll a statute of limitations. While the Plaintiff now states that he was unable to view the documents because of his financial abilities, he has presented no evidence to that effect. As such, this argument also is without merit.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)
**(Cite as: 2007 WL 1428659 (C.D.Ill.))**

Third, the Plaintiff argues that there is a continuing violation that tolls the statute of limitations indefinitely. There is no showing that a breach of contract claim is "continuing" in the manner in which the Plaintiff advocates. The Plaintiff was fired, UAW 2488 grieved the firing and then withdrew the grievance, and the International Union denied the Plaintiff's appeals. At that point, the breach allegedly occurred and the statute of limitation began to run. To find that the breach is a continuing act that presumably can only end once the Plaintiff is re-hired would be to render the statute of limitations a nullity.

The Plaintiff finally argues that the Defendants have conspired to prevent him from realizing all of his rights pursuant to the CBA. Besides making this allegation, the Plaintiff has presented no proof other than his subjective belief.[FN6] The Plaintiff was aware of the provisions of the CBA and used it to grieve his firing. He also should have been aware of the last chance agreements that MMNA entered into with other employees in 2000 when MMNA produced the documents related to these agreements. There is no showing that UAW 2248 conspired with MMNA to prevent the Plaintiff from filing suit based on a perceived violation of the CBA. Rather, it is apparent that the Plaintiff has merely latched onto this theory as other theories that would vindicate his belief that he was wrongfully terminated have been dismissed. Thus, despite the Plaintiff's many argument, he has presented no extraordinary reason to toll the statute of limitations that would justify the prejudice to the Defendant in having to defend claims that are filed years beyond the limitations period.

> FN6. The Plaintiff's affidavits are conclusory and lacking in foundation. He merely states: "That the UAW and MMNA conspired to deprive the plaintiff of his right in accordance with his (CBA)." (Aff. Of John Covington ¶ 10).

### 3.
### Failure to rehire

These claims are part of the Plaintiff's allegations that the Defendants breached the CBA. That is, the Plaintiff is arguing that the Defendant's failed to re-hire him in violation of a last chance provision that he believes is part of the CBA. Even if the last chance agreement was part of the CBA, this claim is similarly barred by the 6 month statute of limitations. The Plaintiff has again offered no credible reason why the limitations period should be tolled.

**\*8** Even if these claims are separate and distinct from the Plaintiff's CBA claims-that is, if they assert a separate failure to hire claim-they still must fail. These claims were added to this lawsuit by the Amended Complaint on May 18, 2006. The Plaintiff alleges that the Defendant failed to hire him on January 8, 2003 (Count 3) and October 15, 2004 (Count 6) and has brought suit pursuant to 42 U.S.C. § 1981. These claims are governed by a Illinois' two year statute of limitations that generally covers civil rights actions, *See e.g. Neish v. City of Chicago,* 299 F.Supp.2d 866, 869 (N.D.Ill.2004). The first claim, that the Defendant failed to hire him on January 8, 2003 must fail because it is outside the statute of limitations. The second claim, that the Defendant failed to hire him in October 15, 2004 must fail because the Plaintiff has made no showing that he applied for a job at that time. Indeed, the evidence reveals that the Defendant hired no person around October, 2004 and laid-off personnel during that time period. In either case, the Plaintiff has come forth with no direct or indirect evidence of discrimination. *See Anders v. Waste Management of Wisconsin,* 463 F.3d 670, 676 (7th Cir.2006) (setting forth the showing a Plaintiff must make in a § 1981 case). That is, there is no showing that the Plaintiff applied for a job, that he was rejected, or that another similarly situated person not in the protected class was treated differently. *Blise v. Antaramian,* 409 F.3d 861, 866-867 (7th Cir.2005). The Plaintiff only presents his subjective belief that he was discriminated against.

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.

The Plaintiff has presented no evidence from which a rational trier of fact could conclude that he was discriminated against. Instead, the Plaintiff has attached various court documents which are only marginally relevant to this lawsuit. He also has attached documents related to his incarceration which are wholly irrelevant to this lawsuit (it is completely irrelevant why he was absent from work prior to his firing). Finally, his affidavits are completely conclusory, made of legal conclusions, and lacking in any facts that would counter the material facts and evidence presented by the Defendants.[FN7] It is black letter law that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment." *Keri v. Board of Trustees of Purdue University,* 458 F.3d 620, 628 (7th Cir.2006).

> FN7. The Plaintiff's responses to the motions for summary judgment are not sworn statements and are therefore not evidence.

### C.
### Conclusion

In summary, the Plaintiff's claims against MMNA are barred by the doctrine of *res judicata.* The Plaintiff could have, and should have, brought his claims against MMNA in either Covington 1 or Covington 2. The Plaintiff's claims against MMNA and UAW 2488 related to the CBA and last chance agreements are time-barred as they were filed beyond the 6-month limitations period. The Plaintiff has presented no extraordinary circumstances or fraud on the part of the Defendants that would toll the limitations period. Finally, the Plaintiff has presented no evidence that would show that MMNA discriminated against him when it failed to hire (or rehire) him in January 8, 2003 and October 15, 2004. Notwithstanding the Plaintiff's many arguments regarding a conspiracy between the Defendants and their alleged discrimination against him, the Plaintiff has presented no evidence that the Defendants behaved improperly when his employment was terminated on January 12, 1999.

**\*9** For these reasons, the Defendants' motions for summary judgment must be GRANTED. The Clerk is DIRECTED to enter judgment in favor of Mitsubishi Motors North America, Inc. and United Auto Workers Union Local 2488 and against the Plaintiff, John E. Covington. Case terminated.

C.D.Ill.,2007.
Covington v. Mitsubishi Motors North America, Inc.
Not Reported in F.Supp.2d, 2007 WL 1428659 (C.D.Ill.)

END OF DOCUMENT

© 2013 Thomson Reuters. No Claim to Orig. US Gov. Works.