**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHELLE CAIN,
        Plaintiff(s),

v.

REDBOX AUTOMATED RETAIL, LLC,
        Defendant(s).
_____/

CIVIL ACTION: 12-15014

HONORABLE GERALD E. ROSEN

## SCHEDULING ORDER

This is not a form order. Counsel are urged to read all provisions thoroughly as they will be held to know the rules and requirements included therein, counsel are further urged to conduct all phases of this litigation with civility, courtesy and professionalism.

The Court stands ready and willing to make itself available, upon request of counsel, to facilitate and expedite discovery and settlement. Ex parte contact of any type with the Court or its law clerks, other than as provided for the Federal Rules of Civil Procedure or in the Local Rules for the Eastern District of Michigan, is strictly prohibited. **All questions for the Court should be directed to the Case Manager, Julie Owens at (313) 234-5137**.

**Pursuant to Local Rules of the United States District Court for the Eastern District of Michigan, the Court enters the following Scheduling Order controlling the progress of the above captioned matter:**

IT IS HEREBY ORDERED THAT:

1. **Discovery Cut-off**: **May 16, 2014**. All discovery should be initiated in advance of the discovery cut-off date.

2. **Witness List Exchange Deadlines:** Parties are ORDERED to exchange

    Preliminary Trial Witness Lists on or before: **May 02, 2014** and file a proof of service.  With respect to expert witnesses, this list will be final.  With respect to Non-Expert Witnesses a final list will be due on or before: **May 30, 2014**.  **No witness, expert or non-expert, may be called for trial unless the witness's name is listed by the respective dates set forth herein without order of the Court upon showing that the witness sought could not be reasonably have been listed as of this date.**

3. **Settlement :** Upon expiration of the discovery cut-off, the parties shall attempt to resolve the case. Unless the parties stipulate to a referral for mediation, case evaluation or agree to use their own facilitator, the matter will be referred to the assigned Magistrate Judge to conduct a settlement conference.  If the scheduled date of the settlement conference or mediation, etc.,  is near or after the dispositive motion cut-off, the parties shall inform the Court and the remaining dates in the scheduling order will be adjusted accordingly.

4. **Dispositive Motions Cut-off: June 16, 2014** . Pursuant to L.R. 7.1(e)(2), the Court will decide motions on the briefs filed, unless the Court issues a Notice of Motion Hearing.  **Motions in limine** shall be filed with the Court **one week prior to the trial date**.  Generally, the Court will rule on questions of the admissibility of evidence and objections before trial starts.

5. **Final Pretrial Conference and Final Pretrial Order:** The Final Pretrial Conference is scheduled for **October 02, 2014 at 10:00 am**.  **Trial counsel must be present.  Clients, or those with authority to**

**engage in settlement negotiations, shall also be present. There will be no exceptions to this requirement other than in the most dire and extreme of emergencies.**

The Joint Final Pretrial Order shall be submitted to the Court by October 09, 2014 . The Joint Final Pretrial Order shall comply with the provisions and requirements of Local Rule 16.2 (see attached).

Counsel for plaintiff is responsible for convening a conference to collaborate in the formulation of the Joint Final Pretrial Order. Failure to submit a timely pretrial order will result in the issuance of sanctions.

6. A **Jury** trial is set for: November 18, 2014 at 9:00 am.

7. OTHER: A Motion for Class Certification to be filed sixty days after a summary judgment ruling by the Court.

**DISCOVERY ISSUES AND MOTIONS:**

**A.** All motions to compel disputed discovery or for protective orders, including deposition objections, must be filed within 14 days of receipt or notice of such disputed discovery. This includes discovery not received on the date it is due. The Court will not entertain such motions beyond this time absent some extraordinary showing of good cause.

**B.** With respect to all disputed discovery, including but not limited to, deposition testimony, counsel are hereby put on notice that frivolous discovery and objections will be sanctioned. Counsel are specifically directed to read with care: Rules 11, 26, 30 and 37 of the Federal Rules of Civil Procedure. Counsel are further put on notice that, pursuant to Rules

30(c) and 37(b), and subject to any order of the Court pursuant to Rule 30(d), **ALL** deposition testimony shall: (1) be taken in good faith; and (2) be given over all objections other than privilege.  Failure to abide by this Rule will result in sanctions upon either parties or counsel or both, whichever the Court deems appropriate.

**C.**   Unless otherwise ordered, non-dispositive discovery motions are referred to the Magistrate Judge to whom this case is assigned.  Other pre-trial matters may also be referred to the Magistrate Judge as determined on a case-by-case basis.

## MOTION PRACTICE:

Counsel are expected to comply with all Local Rules, including specifically Rule 7.1 which requires filing of responses and briefs within twenty-one (21) days after service of motion, unless otherwise ordered by the Court upon motion.  Failure to adhere to such deadlines may result in sanctions being imposed, including the striking of late briefs and responses.

Pursuant to Rule 7.1(e)(2),  the Court will decide motions on the briefs, unless the Court issues a Notice of Motion Hearing.

## COURTESY COPIES:

The parties shall provide a hard copy of all pleadings over 20 pages, **<u>properly tabbed and bound</u>** to chambers.

## SEALED MATERIALS:

This Court complies strictly with the provisions of Local Rule 5.3 regarding sealed

materials.

**TRIAL PROCEDURES:**

    A.    **JOINT JURY INSTRUCTIONS**

The parties are hereby Ordered to meet and confer prior to trial to discuss jury instructions.  No later than the last business day prior to trial, the parties are to file with the Court a **single set of proposed, stipulated jury instructions**.  All such instructions are to be typewritten and double-spaced, and shall contain any titles (e.g., "Duty to Deliberate") and notations or reference to authority (e.g., "Devitt and Blackmar,§; "U.S.A. v._____,_____ U.S. _____(1985)").  Each party shall also file any additional proposed instructions to which any other party objects, and indicate both the basis supporting the instruction and the basis for the opposing party's objection(s).  The parties are to make a good faith effort to narrow the areas of dispute and to discuss each instruction with a view toward reaching agreement as to an acceptable form.

    B.    **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.**

In bench trials, Proposed Findings of Fact and Conclusions of Law **must** be submitted no later than the last business day prior to trial, unless otherwise ordered by the Court.

    C.    **VOIR DIRE**

 It is the Court's practice to conduct voir dire.  Counsel are instructed to submit all requested voir dire to the Court on the last business day prior to trial with questions listed in numbered form.  The Court will entertain requests for follow-up and additional voir dire on a limited basis, and **may** permit such voir dire to be

conducted by counsel. In such instances, counsel are admonished to confine themselves to true voir dire and not engage in posturing, argument or speech-making.

### D. EXHIBITS

Counsel are **ordered** to meet prior to trial to identify all exhibits to which there are no objections and all those to which there are objections. Exhibits agreed upon are to be pre-marked and listed on a sheet of paper. Exhibits not agreed upon are to be pre-marked and listed separately. Except in unusual cases copies of all exhibits shall be provided to the court prior to trial.

### E. DEPOSITIONS

No de bene esse deposition(s) will be permitted to be taken during trial without permission of the court, upon motion showing that such deposition(s) could not reasonably have been taken in advance of trial. Videotape depositions will not be allowed to be shown at trial without prior approval of the Court.


Dated: December 19, 2013        S/Gerald E. Rosen
                                Chief Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 19, 2013, by electronic and/or ordinary mail.

                                S/Julie Owens
                                Case Manager, (313) 234-5135

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**LOCAL RULE 16.2**

**CONTENT OF JOINT PRETRIAL ORDER**

**A. JOINT FINAL PRETRIAL ORDER**

    A Joint Final Pretrial Order shall be furnished in every civil case one week prior to the time set for the final pretrial conference, unless otherwise ordered. Counsel for plaintiff(s) shall assume responsibility for convening a conference for all parties to confer and collaborate in formulating a concise Joint Final Pretrial Order which is to be compiled by counsel for plaintiffs, approved and signed by counsel for all parties, and submitted by counsel for plaintiffs to the Court for approval of the Court and, when signed and filed in the Clerk's Office, becomes an Order of the Court, superseding the pleadings and governing the course of trial unless modified by further Order provided, however, that the pretrial order shall not constitute a vehicle for adding claims or defenses. An original and one copy is to be submitted to the chambers of the assigned Judge. The Order will not be filed in the Clerk's Office until it has been signed by the Judge.

**B. CONTENT OF ORDER**

    The Joint Final pretrial Order shall contain, under numbered and captioned headings, the following:

1.) Jurisdiction. The parties shall state the basis for Federal Court jurisdiction and whether jurisdiction is contested by any parties.

2.) Plaintiffs' Claims. A statement of the claim or claims of plaintiffs including legal theories.

3.) Defendants' Claims. A statement of the defenses or claims of defendants, or third parties, including legal theories.

4.) Stipulation of Facts. The parties shall state, in separately numbered paragraphs, all uncontested facts.

5.) Issues of Fact to be Litigated.

6.) Issues of Law to be Litigated.

7.) Evidence Problems Likely to Arise at Trial. Include objections to exhibits. All motions in limine of which counsel should reasonably be aware shall be listed in the Joint Final Pretrial Order.

8.) Witnesses. Each party shall list the names of all witnesses, identifying which are experts, that it will call (in the absence of reasonable notice to the contrary, to opposing counsel) and those witnesses it may call. No witness shall be listed who has not been included on any witness list submitted pursuant to a prior order of the Court. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial or except for good cause shown.

9.) Depositions. The parties shall list the names of all witnesses whose deposition testimony is reasonably expected to be offered as evidence. Nothing in this subsection shall preclude the taking of de bene esse deposition for use at trial, subject to the admonition included in paragraph 12(a) of this Court's Scheduling Order.

10.) Exhibits. The parties shall number and list, with a short identifying description, each exhibit they intend to introduce at trial. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits which could not be reasonably anticipated before trial or except for good cause shown. An Exhibit book shall be provided for the Court. Absent an objection sustained by the Court, counsel may provide copies of exhibits to jurors.

11.) Damages. Plaintiffs shall itemize all claimed damages, shall specify those damages which can be calculated from objective data, and the parties shall stipulate to those damages which are not in dispute.

12.) Trial.

    A.    Time for plaintiff's proofs.

    B.    Time for defendant's proofs.

    C.    Indicate whether it is a jury or non-jury trial.

    D.    If a jury trial, do you stipulate to less than a unanimous verdict?

    E.    If a jury trial, do you stipulate to a verdict of less than six but not less than five if jurors must be excused during the course of trial.

13.) Settlement. Counsel shall state that they have conferred and considered the possibility of settlement, giving the most recent place and date thereof, and indicate the current status of negotiations as well as any plans for further discussions. Please indicate if one or all parties believe the Court can be of assistance in facilitating settlement.

14.) Failure of Counsel to Cooperate. Failure of counsel to cooperate in the preparation or submission of, or to strictly comply with, the Joint Final Pretrial

        Order, may result in dismissal of claims, default judgment, refusal to let witnesses testify or to admit exhibits, assessment of costs and expenses, including attorney fees, or other appropriate sanctions.

15.) Filing of Trial Briefs, Findings and Jury Instructions. The Joint Final Pretrial Order shall further provide that trial briefs, proposed findings of fact and conclusions of law (in non-jury cases) or requests for instructions in jury cases shall be filed no later than the last business day prior to trial. (See Scheduling Order for further requirements with respect to Jury Instructions and Findings.)

16.) Juror Costs Attributable to Parties. Each party shall also acknowledge that the Court may assess juror expenses under LR 38.3.

17.) Additional Requirements. The Judge, in an appropriate case, may add additional requirements to the Joint Final Pretrial Order, or may suspend application of this Rule, in whole or in part.