IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE CAIN and RADHA SAMPAT,
individually, and on behalf of all others similarly
situated,

         Plaintiffs,

v.

REDBOX AUTOMATED RETAIL, LLC, a
Delaware limited liability company,

         Defendant.

_____/

Case No. 2:12-cv-15014-GER-LJM
Honorable Gerald E. Rosen
Mag. Judge Laurie J. Michelson

## STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION

Upon stipulation of the parties, and it appearing to the Court that there is good cause to enter an appropriate Protective Order to protect confidential, proprietary, and other non-public information and materials which may be made available in the course of discovery in this case, and whose public disclosure would create a substantial risk of competitive harm to Defendant Redbox Automated Retail, LLC ("Redbox"), and in accordance with Eastern District of Michigan Local Rule 26.4,

**IT IS HEREBY ORDERED THAT** the following principles and procedures designed to assure the protection of proprietary or confidential documents and information shall govern any and all discovery among the parties:

1.   **Scope of Order:  Documents and Information Covered**.  Any party, and any other person from whom documents and information are requested in connection with this

action, whether in discovery or pursuant to subpoena, that contain information of a confidential

nature may designate such documents and information as confidential material in the manner

provided in Paragraph 3 provided such designation is made in good faith (the "Producing

Party"). For purposes of this Order, the following categories of documents and information may

be designated as confidential material: 1) documents or information containing any trade secret,

proprietary, or any other confidential commercial information; 2) documents or information

containing business or financial information of a personal or non-public nature; 3) documents or

information containing or concerning Redbox's customers' information; 4) contractual

documents imposing confidentiality requirements on the contracting parties; and 5) records or

information containing data prohibited from public disclosure as delineated in the Michigan

Video Rental Privacy Act, M.C.L. §§ 445.1711–15. Once a document or information is so

designated, production or disclosure of that document or information shall be governed by the

terms of this Order unless such designation is withdrawn, either by agreement of the Producing

Party or by order of the Court. For purposes of this Order, any confidential designation shall

thereafter include all copies of such materials delivered to or maintained by the party receiving

such materials from the Producing Party (the "Receiving Party"), their counsel and experts, as

well as all summaries, studies, reports, exhibits, illustrations, or other materials or

communications of any kind, created by experts, consultants or others, based upon, referring to,

revealing, including, or incorporating in any way, in whole or in part, such confidential

materials.

      2.    **Definition of "Document."** "Document" or "Documents," for purposes of this

Order, shall include, but not be limited to, any writing, recording, or photograph as those terms

are defined in Rule 1001 of the Federal Rules of Evidence.

- 2 -

3.   **Manner of Designation of Confidential Material**.  All or any portion of a document may be designated as confidential material provided such designation is made in good faith.  Documents shall be designated as confidential after review by an attorney for the Producing Party by stamping the words "CONFIDENTIAL" on each such page.  In the event that a Producing Party inadvertently fails to designate any material "CONFIDENTIAL" in accordance with the foregoing procedure, the Producing Party shall provide supplemental written notice designating the material "CONFIDENTIAL" as soon as practicable and the Receiving Party shall make a good faith effort to stamp the words "CONFIDENTIAL" on each such page, and all copies thereof, and, from that point forward, treat such material in all respects as confidential material.  With respect to any deposition exhibit or transcript, or any portion thereof, that designation shall be made on the record at the deposition or within thirty days of receipt of the deposition transcript by the designating party, and the transcript of such deposition or portion thereof shall be so marked and, if filed, filed under seal.  With respect to answers to interrogatories, to requests for production of documents, and to requests for admission and the information contained therein, the designation shall be made on the first page of any such set of answers and on each succeeding page that contains information designated as confidential.

4.   **Disputes Concerning Propriety of Confidential Designation**.  Any party may dispute the designation of particular material or information contained in a document designated as confidential under Paragraph 1.  If any party believes that material which has been so designated should not be so designated, such party, after first attempting to resolve the dispute informally among counsel, may submit such dispute to the Court, by duly noticed written motion, for resolution.  Any party may request expedited treatment of any motion challenging the designation of material or information as confidential.  Material or information claimed to be

- 3 -

confidential that is subject to a dispute as to the degree of disclosure allowed or as to whether it is in fact confidential material or information shall, until further order of the Court, be treated as confidential in accordance with the provisions of this Order notwithstanding the existence of such dispute.

5.     **Persons To Whom Confidential Material May Be Disclosed**.  Counsel for each party who obtains a document or information designated confidential under this Order shall not disclose or permit disclosure of such information or document (and any of its contents or any information revealing the contents of such a document) to any other person or entity, except in the following circumstances:

a.   **Parties and their Directors, Officers and Employees**.  Disclosure may be made to parties, and to directors, officers or employees of parties who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any such director, officer or employee to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 5.

b.   **Counsel and their Employees and Contractors**.  Disclosure may be made to counsel in the litigation and to their employees and contractors (including contract lawyers and litigation support firms) retained by counsel, who are involved with the preparation for, and proceedings concerning, this action or any appeal therein. Any such employee or contractor to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or

- 4 -

information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 5.

c. **Insurers and Auditors.**  Disclosure may be made to insurers or auditors of any party to assist with the assessment of this litigation, including any of their employees, support staff, or independent contractors.  Any such insurer or auditor to whom disclosure is made shall be advised of, and become subject to, the provisions of this Order requiring that documents or information designated as confidential material (and their contents) be held in confidence and not disclosed to any person other than those authorized persons listed in this Paragraph 5.

d. **Experts and Consultants**.  Disclosure may be made to consultants or experts employed or contracted by any party or counsel to any party to assist counsel in the preparation for, and proceedings concerning, this litigation, and to employees or support staff of such consultants or experts who are involved with assisting the consultant or expert as part of his or her employment in connection with this action.  Prior to disclosure to any expert or consultant and his support staff, such expert or consultant must agree to be bound by the terms of this Order by executing the Confidentiality Agreement annexed hereto as Exhibit A.  Counsel that disclose such confidential documents or other confidential information to any expert or consultant and his support staff shall retain the signed Confidentiality Agreement.

e. **Testifying Witnesses and Court Reporters**.  Disclosure may be made to persons called to testify under oath in the context of a deposition in connection with the

prosecution/defense of this action and to stenographers, videographers or other court reporters contracted to transcribe or record such depositions, but only if such persons are informed of the terms of the Order, provided with a copy of the Order and told, on the record, that they are bound by the terms of the Order and are required not to disclose proprietary or confidential information which may be contained in the documents or information designated as confidential.

    f.  **Disclosure To The Court**. Disclosure may be made at any time to the United States District Court for the Eastern District of Michigan or any judge, special master, magistrate judge, clerk, or employee with responsibility over this lawsuit, provided that any such disclosure shall be by sealed submission.

    6.  **No Use Permitted For Other Purposes**. Documents or information designated as confidential under this Order (and their contents or information revealing their contents) shall not be used or disclosed by any party, or person to whom disclosure has been made under Paragraph 5, (a) in any litigation other than this lawsuit, (b) for business or competitive purposes, or (c) for any purpose whatsoever other than the preparation for, and proceedings concerning, this action and any appeal therein.

    7.  **Pleadings, Motions and Briefs Containing Confidential Material**. No Receiving Party may file information containing another Producing Party's Confidential Information without first obtaining either an order to allow such filing to occur under seal, or with the written consent from the Producing Party to file such information unsealed. Subject to the foregoing, documents treated as Confidential Information under this protective order need not be filed under seal with the Court or submitted as evidence at trial under seal, unless the Court, on separate motion for good cause shown, grants leave or requires the filing party to file

or submit into evidence such documents under seal. A party desiring to file any confidential

material under seal with the Court shall:

    a.  Make a separate motion in accordance with the Eastern District of Michigan

        Local Rule 5.3, specifying precisely what the parties wish to be kept under seal

        and making a particularized showing of good cause as to why the Court should

        depart from the strong presumption against sealing any court records to public

        inspection.

    b.  File a redacted public version of the document in which only the specific,

        narrowly drawn material that the party claims is confidential is redacted from the

        document; and

    c.  In the event that any party or interested member of the public challenges the filing

        of material designated as Confidential Information under seal, the party asserting

        confidentiality has the burden of proving the propriety of that designation.

    8.    **Disposition of Court-Filed Confidential Materials After Termination of Case**

**in District Court.** After the case is closed in the District Court, the parties may obtain the

return of any previously-sealed or previously-restricted documents by a motion filed within 60

days after docketing of the closure of the case.

    9.    **Custodian Of Confidential Material**. The signatories to this Order shall be

deemed Custodians of any confidential materials that they, their law firms, or any experts or

consultants engaged by them or their law firms in this action may receive. Each of the

Custodians agrees to be responsible for compliance with this Order by their law firm, and shall

reasonably ensure that attorneys and other personnel employed or contracted by their law firm are aware of and adhere to the proper treatment of confidential material pursuant to this Order.

10.     **Copies and Confidential Material**.  Counsel for the parties understand the competitively or personally sensitive nature of confidential material, and agree to limit their copying of confidential documents or information to that which is necessary for the orderly and efficient prosecution/defense of this litigation.  Copies of confidential documents, and the documents prepared by an expert or consultant that incorporate or reveal confidential information or information from confidential documents, shall be subject to the same treatment hereunder as are the original documents or information produced.

11.     **No Waiver Or Admission**.  The designation of any document, deposition exhibit, deposition transcript, answer to interrogatory, answer to request to produce, answer to request for admission or information as "CONFIDENTIAL" is intended solely to facilitate preparation for trial, and treatment in conformity with such designation will not be construed in any way as an admission or agreement that the designated document or information contains any trade secret or confidential information in contemplation of law.

12.     **Notification Upon Improper Disclosure**.  If any information or documents designated as confidential material (or their contents) are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall upon discovery of the disclosure immediately inform the designating party whose information is disclosed of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

13. **Disposition Of Confidential Material Upon Final Determination Of This Action**. Within thirty days following the final determination of this action, unless otherwise agreed to in writing by counsel for all parties to this action, each party shall, through its counsel, complete and deliver to the designating party a certificate in the form attached hereto as Exhibit B ("Certificate"), certifying that they have performed or caused to be performed a complete and thorough search of their files, counsel's files, and the files of those to whom they distributed any confidential materials covered by this Order, and that, to the best of their knowledge, all such files have been purged of all such confidential materials, except for attorney work product. Pursuant to the terms of the Certificate each party and its counsel shall further certify that, to the best of their knowledge, all confidential materials delivered to it, including confidential materials now in its control or the control of persons to whom it distributed such information, have either been assembled and delivered with the Certificate or, to the extent not so delivered, that all such confidential materials (except for attorney work product) have been destroyed. Notwithstanding anything contained herein to the contrary, counsel shall be permitted to retain copies of all court filings, transcripts, exhibits and work product containing or reflecting confidential materials; provided, however, that they shall treat such materials as confidential.

14. **No Restriction On Designating Party's Use Of Confidential Materials**. Notwithstanding any other provision of this Order, the party producing to another party material designated as confidential does not thereby lose the freedom to deal with its own documents or information in the manner of its own choosing.

15. **No Restriction on Non-designating Party's Use of Materials in Its Possession Before Commencement of This Action**. Notwithstanding any other provision of this Order, the party who receives documents or information designated as confidential by the sending party

does not lose the freedom to deal in any manner as it may legally have done so prior to this action with documents or information in its possession before this action was commenced or documents or information received during this action and not designated confidential in accordance with this Order which (a) are copies of documents or information subsequently received with a confidential designation, or (b) contain information also contained in documents subsequently received with a confidential designation.

16.   **No Restriction On Asserting Privileges**. Nothing in this Order shall be deemed to waive any legally cognizable privilege to withhold any document or information.

17.   **Inadvertent Production of Privileged Information**. The inadvertent production of any document, material, or other information during discovery in this action that a Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product privilege, will not be deemed to waive any privilege. A Party or non-Party may request the return of any inadvertently produced privileged document, material, or other information by identifying the document inadvertently produced and stating the basis for withholding such document from production. If a Party requests the return, pursuant to this paragraph, of any inadvertently produced privileged document then in the custody of another Party, the possessing Party shall within five (5) days return to the requesting Party the inadvertently produced privileged item (including all attachments to that item) in its entirety (and all copies thereof), and shall expunge from any other document or material information reflecting the contents of the inadvertently produced privileged item. The Party returning such item may then move the Court for an order compelling production of the material, but said Party shall not assert as a ground for entering such an order the fact (or circumstances) of the inadvertent production.

18.    **Class Representatives' Personal Rental Information**.  Plaintiffs Michelle Cain and Radha Sampat expressly consent to allow the production to the Parties and their counsel of records or information concerning the purchase, lease, rental, or borrowing of video recordings materials that indicates their identity as Confidential Information for purposes of this litigation, pursuant to Section 3 of the Michigan Video Rental Privacy Act, M.C.L. § 445.1713.  This Court enters this Order pursuant to M.C.L. § 445.1713 subject to the safeguards imposed by the remainder of this Order for Confidential Information.

19.    **Retention of Jurisdiction**.  This Court shall retain jurisdiction to enforce the terms of this Order.

APPROVED AND HEREBY ORDERED THIS 26th day of February, 2014.

_____
Honorable Gerald E. Rosen

Plaintiffs                                           Defendant

By:  /s/ Ari J. Scharg                     By:    /s/ John Grossbart
       One of their Attorneys                       One of its Attorneys

Ari J. Scharg                                      Donna J. Vobornik
J. Dominick Larry                                  John Grossbart
EDELSON PC                                         Anthony T. Eliseuson (Admission Pending)
350 N. LaSalle Street, Suite 1300                  DENTONS US LLP
Chicago, Illinois 60654                            233 South Wacker Drive, Suite 7800
Tel: (312) 589-6370                                Chicago, Illinois  60606
Fax: (312) 589-6378                                (312) 876-8000
ascharg@edelson.com                                (312) 876-7934 (fax)
nlarry@edelson.com                                 donna.vobornik@dentons.com
                                                   john.grossbart@dentons.com
                                                   anthony.eliseuson@dentons.com

Brian C. Summerfield
BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Tel: (313) 393-7561
Fax: (313) 393-7579
cficks@bodmanlaw.com
bsummerfield@bodmanllp.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
500 Woodward Avenue, Suite 3500
Detroit, Michigan  48226
(313) 965-8386
(313) 309-6886 (fax)
pkupelian@clarkhill.com
cschley@clarkhill.com

**EXHIBIT A**

**CONFIDENTIALITY AGREEMENT**

By my signature, I hereby acknowledge that I have read the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in <u>Cain v. Redbox Automated Retail, LLC</u>, No. 12 CV 15014  pending in the United States District Court for the Eastern District of Michigan and hereby agree to be bound by the terms thereof.  I agree not to disclose any documents designated as confidential material (or any of the contents of such documents) or information concerning confidential material to anyone other than those persons listed in Paragraph 5 of the Protective Order.  I agree that to the extent that I or my employees are provided with confidential material, I will instruct such employees regarding the terms of the Protective Order and will ensure that such employees do not disclose confidential material expert as provided in Paragraph 5 of the Protective Order.  I further agree to subject myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to all matters relating to compliance with this Confidentiality Agreement and the Protective Order.

DATED:

_____

[Signature]

Signatory's Name, Business Affiliation, and Business Address

_____

_____

_____

Signatory's Residence Address

_____

_____

_____

**EXHIBIT B**

**CERTIFICATE**

      The undersigned hereby certify to _____ ("Designating Party"), on behalf of _____ and pursuant to the STIPULATED PROTECTIVE ORDER AGAINST UNAUTHORIZED USE OR DISCLOSURE OF CONFIDENTIAL INFORMATION ("Protective Order") entered in Cain v. Redbox Automated Retail, LLC, No. 12 CV 15014 pending in the United States District Court for the Eastern District of Michigan that they have performed or caused to be performed a complete and thorough search of their files and the files of those to whom they distributed any confidential materials covered by the Protective Order, and that to the best of their knowledge, all such files have been purged of all such confidential materials (except for court filings, transcripts, exhibits, and work product containing or reflecting confidential materials). The undersigned further certify that all confidential materials delivered to them by the Designating Party, including confidential materials now in their control or the control of persons to whom they distributed such information, have, to the best of their knowledge, either been assembled and are delivered herewith or, to the extent any such confidential materials are not so delivered, all such confidential materials have been destroyed. The undersigned acknowledges that all court filings, transcripts, exhibits, and work product containing or reflecting confidential materials shall continue to be treated as confidential under the terms of the Protective Order.

By:_____

as Counsel for:

_____

Date:_____

81771772\V-2