## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually and on behalf of all others similarly situated, | Case No. 2:12-cv-15014-GER-RSW |
| Plaintiffs, | Hon. Gerald E. Rosen |
| v. | Mag. Judge R. Steven Whalen |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, | |
| Defendant. | |

## DECLARATION OF ARI J. SCHARG IN SUPPORT OF
## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

1.      I am over the age of 18 and am fully competent to make this declaration. This declaration is based upon my personal knowledge unless otherwise indicated. If called upon to testify as to the matters stated herein, I could and would competently do so.

2.      I am a partner at the law firm of Edelson PC, which has been retained to represent Plaintiffs Michelle Cain and Radha Sampat ("Plaintiffs") in this matter. I make this Declaration in support of Plaintiffs' Motion for Partial Summary Judgment.

3.      On January 13, 2014, Plaintiffs propounded their First Set of Document Requests on Defendant Redbox Automated Retail, LLC ("Redbox"). In response, Redbox produced documents bates labeled C00001 – C04086. In conjunction with Redbox's document production in this action, Redbox produced a document entitled *Corrected* Redbox Production Index for *Cain v. Redbox* ("Index"), attached hereto as Exhibit 1.

4.      A true and accurate copy of excerpts from the Deposition of Michelle Cain, which took place on May 27, 2014, is attached hereto as Exhibit 2.

5.      A copy of a portion of the legislative history to the Video Rental Privacy Act entitled *Privacy: Sales, Rentals of Videos, etc.*, House Legislative Analysis Section, H.B. No. 5331 (Jan. 20, 1989) is attached hereto as Exhibit 3.

6.     A true and accurate copy of portions of Redbox's document production bates labeled C04083 – 86 is attached hereto as Exhibit 4, which shows Redbox's database record of Michelle Cain's rental history. (*See* Index.)

7.     A true and accurate copy of portions of Redbox's document production bates labeled C03584 – 91 is attached hereto as Exhibit 5, which shows Redbox's database record of Radha Sampat's rental history. (*See* Index.)

8.     A true and accurate copy of excerpts from the Deposition of Eric Hoersten, which took place on June 14, 2012, is attached hereto as Exhibit 6. Eric Hoersten was also produced as Redbox's 30(b)(6) designee regarding Redbox's disclosure of customer information in a parallel litigation, brought under the Federal Video Privacy Protection Act, *Sterk v. Redbox Automated, LLC*, Case No. 11-cv-1729 (N.D. Ill.). By agreement of the parties, discovery conducted in *Sterk* may be used in this action.

9.     A true and accurate copy of excerpts from the Deposition of Eric Hoersten, which took place on December 18, 2012, is attached hereto as Exhibit 7. Eric Hoersten was produced as Redbox's 30(b)(6) designee regarding Redbox's retention of customer information in *Sterk v. Redbox Automated, LLC*, Case No. 11-cv-1729 (N.D. Ill.).

10.     A true and accurate copy of portions of Plaintiffs' document production bates labeled CAIN 000272-313 is attached hereto as Exhibit 8. These

documents consist of a sampling of emails Radha Sampat received from ExactTarget concerning her Redbox video rentals.

11.     A true and accurate copy of portions of Plaintiffs' document production bates labeled CAIN 000211 – 61 is attached hereto as Exhibit 9. These documents consist of a sampling of emails Michelle Cain received from ExactTarget concerning her Redbox video rentals.

12.     A true and accurate copy of portions of Redbox's document production bates labeled C01666 – 73 is attached hereto as Exhibit 10, which consists of Redbox's privacy policy. (*See* Index.)

13.     A true and accurate copy of portions of Redbox's document production bates labeled C00330 – 360, 01730 – 38 is attached hereto as Exhibit 11, which shows contractual agreements between ExactTarget, Inc. and Redbox. (*See* Index.)

14.     A true and accurate copy of excerpts from the Deposition of Michael Wokosin, which took place on May 9, 2014, is attached hereto as Exhibit 12. Michael Wokosin, Redbox's Vice President of Digital Marketing, was produced as Redbox's 30(b)(6) designee in this action.

15.     A true and accurate copy of excerpts from the Deposition of Nick Lullo ("Lullo Dep."), which took place on October 16, 2012, is attached hereto as Exhibit 13. Nick Lullo was also produced by Redbox in his capacity as Redbox's

Customer Service Liaison in *Sterk v. Redbox Automated, LLC*, Case No. 11-cv-1729 (N.D. Ill.).

16.     A true and accurate copy of portions of Redbox's document production bates labeled C00245 – 301, 001697 – 1728 is attached hereto as Exhibit 14, which shows contractual agreements between Stream Global Services, Inc. ("Stream") and Redbox. (*See* Index.)

17.     On April 11, 2014, Plaintiffs issued a third party subpoena to Stream. A true and accurate copy of portions of Stream's document production bates labeled SGS0000114-179 is attached hereto as Exhibit 15, which comprises a guide used train new Stream hires. (*See* Lullo Dep. at 73:18-74:12.)

18.     A true and accurate copy of portions of Redbox's document production bates labeled C04067 is attached hereto as Exhibit 16, which shows the W9 for Stream. (*See* Index.)

19.     On January 13, 2014, Michelle Cain issued her First Set of Interrogatories to Redbox. A true and accurate copy of Redbox's responses are attached hereto as Exhibit 17.

20.     A true and accurate copy of portions of Redbox's document production bates labeled C00361 – 437, 03592 – 3600 is attached hereto as Exhibit 18, which show contractual agreements between Experian Marketing Solutions, Inc./Cheetahmail, Inc. ("Experian") and Redbox. (*See* Index.)

21.     A true and accurate copy of portions of Redbox's document production bates labeled C03610-15 is attached hereto as Exhibit 19, which shows a data stream of information regarding Radha Sampat disclosed to Experian by Redbox. (*See* Index.)

22.     A true and accurate copy of portions of Redbox's document production bates labeled C00302 – 29, 00438 – 52, 03601 – 06 is attached hereto as Exhibit 20, which shows contractual agreements between Adobe Systems Incorporated ("Adobe") and Redbox. (*See* Index.)

23.     A true and accurate copy of portions of Redbox's document production bates labeled C03607 is attached hereto as Exhibit 21, which consists of a screenshot from the AR2 system of Radha Sampat's customer service call. (*See* Index.)

24.     A true and accurate copy of portions of Redbox's document production bates labeled C04068-82 is attached hereto as Exhibit 22, which reflects the marketing campaign emails sent to Plaintiffs by Experian. (*See* Index.)

25.     A true and accurate copy of portions of Plaintiffs' document production bates labeled CAIN 000001 – 18, 000101 – 19, 000316 – 20, 000345 – 55, 000712 – 720, 000726 – 735 is attached hereto as Exhibit 23. These documents consist of a sampling of the approximately 1400 pages of marketing emails produced by Plaintiffs.

26.     A copy of Michigan's Non-Standard Civil Jury Instruction § 32:10, entitled *Preservation of Personal Privacy Action—Elements, Definitions, and Defenses* is attached hereto as Exhibit 24.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of September, 2014, at Chicago, Illinois.

/s/ Ari J. Scharg
Ari J. Scharg

## <u>CERTIFICATE OF SERVICE</u>

I, Ari J. Scharg, an attorney, certify that on September 23, 2014, I served the above and foregoing ***Declaration of Ari J. Scharg in Support of Plaintiffs' Motion for Partial Summary Judgment***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

/s/ Ari J. Scharg