# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No. 2:12-cv-15014-GER-RSW<br><br>Hon. Gerald E. Rosen<br><br>Mag. Judge R. Steven Whalen |

## UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFFS TO FILE DOCUMENTS UNDER SEAL

Pursuant to Local Rules 5.3(b) and 26.4, Plaintiffs Michelle Cain and Radha Sampat ("Plaintiffs") hereby respectfully request that the Court enter an Order permitting Plaintiffs to file under seal certain documents in connection with their Motion for Partial Summary Judgment. Plaintiffs certify that, pursuant to Local Rule 7.1(a), there was a conference between attorneys for Plaintiffs and attorneys for Redbox Automated Retail, LLC ("Redbox") on September 22, 2014 and Redbox's attorneys indicated that they would not oppose the relief sought in this Motion.

**WHEREFORE**, Plaintiffs Michelle Cain and Radha Sampat respectfully request that this Court enter an Order (i) granting Plaintiffs' Motion to File

Documents Under Seal, and (ii) providing such other and further relief as the Court deems reasonable and just.

                                                  Respectfully Submitted,

Dated: September 23, 2014        **MICHELLE CAIN and RADHA SAMPAT**, individually and on behalf of all others similarly situated,

                                                  By: /s/ Ari J. Scharg
                                                      One of Plaintiffs' Attorneys

| | |
|---|---|
| Ari J. Scharg | Brian C. Summerfield (P57514) |
| ascharg@edelson.com | bsummerfield@bodmanlaw.com |
| John C. Ochoa | BODMAN PLC |
| jochoa@edelson.com | 1901 St. Antoine Street |
| J. Dominick Larry | 6th Floor at Ford Field |
| nlarry@edelson.com | Detroit, Michigan 48226 |
| Mark S. Eisen | Tel: 313.259.7777 |
| meisen@edelson.com | |
| EDELSON PC | |
| 350 North LaSalle Street, Suite 1300 | |
| Chicago, Illinois 60654 | |
| Tel: 312.589.6370 | |
| Fax: 312.589.6378 | |

*Counsel for Plaintiffs and the Putative Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:12-cv-15014-GER-RSW<br><br>Hon. Gerald E. Rosen<br><br>Mag. Judge R. Steven Whalen |

## BRIEF IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR ORDER PERMITTING PLAINTIFFS TO FILE DOCUMENTS UNDER SEAL

# STATEMENT OF ISSUES PRESENTED

Should Plaintiffs Michelle Cain and Radha Sampat be permitted to file certain documents under seal in support of their Motion for Partial Summary Judgment?

Plaintiffs' Answer: Yes.

# CONTROLLING AND MOST IMPORTANT AUTHORITY

E.D. Mich. L.R. 5.3

E.D. Mich. L.R. 26.4

Plaintiffs Michelle Cain and Radha Sampat ("Plaintiffs") submit this brief in support of their unopposed motion to file under seal certain documents in connection with their Motion for Partial Summary Judgment. Each document Plaintiffs seek to file under seal has been marked "Confidential" pursuant to the Protective Order (Dkt. 34) previously entered in this case because it contains information protected from disclosure by the Michigan Video Rental Privacy Act ("VRPA") or information considered sensitive and proprietary by Redbox Automated Retail, LLC ("Redbox") or Redbox's third party vendors.

It has long been held that "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983) (noting that legitimate interests to limit public access include "certain privacy rights of participants or third parties [and] trade secrets"); *Turner v. Bresette*, 2012 WL 4511244, at *2 (E.D. Mich. Sept. 30, 2012) ("The Court may order that documents containing private or sensitive information be filed under seal."). With regard to dispositive motions, "compelling reasons" must be shown to seal documents. *White v. GC Servs. Ltd. P'ship*, 2009 WL 174503, at *2 (E.D. Mich. Jan. 23, 2009).

Compelling reasons exist to allow Plaintiffs to file the following documents

under seal because they contain information protected from disclosure by the VRPA and sensitive and proprietary information marked Confidential pursuant to the Protective Order. Pursuant to Local Rule 5.3(b)(2)(A)(iv), a means other than sealing these documents is not available or unsatisfactory to preserve the Parties' interests in protecting the private and sensitive information contained therein.

1. Exhibit A to Plaintiffs' Motion for Partial Summary Judgment. This document consists of a declaration and exhibits obtained in lieu of a deposition from ExactTarget, Inc. ("ExactTarget"). This document contains information protected from disclosure by the VRPA and has been designated Confidential pursuant to the Protective Order.

2. Exhibit B to Plaintiffs' Motion for Partial Summary Judgment. This document consists of a declaration and exhibits dated June 10, 2014, obtained in lieu of a deposition from Stream Global Services, Inc. ("Stream"). This document has been marked Confidential pursuant to the Protective Order.

3. Exhibit C to Plaintiffs' Motion for Partial Summary Judgment. This document consists of an affidavit and exhibits dated December 18, 2012, produced by Stream in response to Plaintiffs' third party subpoena. This document has been marked Confidential pursuant to the Protective Order.

4. Exhibit 4 to the Declaration of Ari J. Scharg ("Scharg Declaration") (filed contemporaneously with Plaintiffs' Motion for Partial Summary Judgment).

This document consists of Redbox's database record for Cain, which contains information protected from disclosure by the VRPA. This document also contains sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

5. Exhibit 5 to the Scharg Declaration. This document consists of Redbox's database record for Sampat, which contains information protected from disclosure by the VRPA. This document also contains sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

6. Exhibit 6 to the Scharg Declaration. This document consists of excerpts of the June 14, 2012 deposition of Rebox's 30(b)(6) designee Eric Hoersten, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

7. Exhibit 7 to the Scharg Declaration. This document consists of excerpts of the December 18, 2012 deposition of Redbox's 30(b)(6) designee Eric Hoersten, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

8. Exhibit 8 to the Scharg Declaration. This document contains information protected from disclosure by the VRPA.

9. Exhibit 9 to the Scharg Declaration. This document contains information protected from disclosure by the VRPA.

10. Exhibit 11 to the Scharg Declaration. This document consists of contractual agreements between Redbox and ExactTarget, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

11. Exhibit 12 to the Scharg Declaration. This document consists of excerpts of the May 9, 2014 deposition of Redbox's 30(b)(6) designee Michael Wokosin, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

12. Exhibit 13 to the Scharg Declaration. This document consists of excerpts of the October 16, 2012 deposition of Redbox's Customer Service Liaison Nick Lullo, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

13. Exhibit 14 to the Scharg Declaration. This document consists of contractual agreements between Redbox and Stream, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

14. Exhibit 15 to the Scharg Declaration. This document consists of a training guide produced by Stream in response to Plaintiffs' third party subpoena in this matter, which was marked Confidential by Stream pursuant to the Protective Order.

15. Exhibit 16 to the Scharg Declaration. This document consists of Redbox's W9 for Stream, which contains sensitive information marked confidential by Redbox pursuant to the Protective Order.

16. Exhibit 18 to the Scharg Declaration. This document consists of contractual agreements between Redbox and Experian Marketing Services, Inc./Cheetahmail, Inc. ("Experian"), which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

17. Exhibit 19 to the Scharg Declaration. This document consists of a data stream transmitted by Redbox to Experian regarding Sampat, which contains information protected from disclosure by the VRPA. This document also contains sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

18. Exhibit 20 to the Scharg Declaration. This document consists of contractual agreements between Redbox and Adobe Systems Incorporated, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

19. Exhibit 21 to the Scharg Declaration. This document consists of a screenshot of a customer service call placed by Sampat, which contains information protected from disclosure by the VRPA. This document also contains sensitive and proprietary information marked Confidential by Redbox pursuant to

the Protective Order.

20. Exhibit 22 to the Scharg Declaration. This document consists of Redbox's record of marketing emails sent to Plaintiffs, which contain sensitive and proprietary information marked Confidential by Redbox pursuant to the Protective Order.

21. Exhibit 23 to the Scharg Declaration. This document contains Plaintiffs' personal information.

22. A redacted version of Plaintiffs' Motion for Partial Summary Judgment. This document contains detailed references to the exhibits listed above.

Wherefore, Plaintiffs respectfully request that this Court enter the Proposed Order submitted contemporaneously with the filing of this Motion.

Respectfully submitted,

Dated: September 23, 2014       **MICHELLE CAIN and RADHA SAMPAT**, individually and on behalf of all others similarly situated,

By: /s/ Ari J. Scharg
One of Plaintiffs' Attorneys

Ari J. Scharg
ascharg@edelson.com
John C. Ochoa
jochoa@edelson.com
J. Dominick Larry
nlarry@edelson.com
Mark S. Eisen
meisen@edelson.com

Brian C. Summerfield (P57514)
bsummerfield@bodmanlaw.com
BODMAN PLC
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
Tel: 313.259.7777

6

EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Counsel for Plaintiffs and the Putative Class*

## CERTIFICATE OF SERVICE

  I, Ari J. Scharg, an attorney, certify that on September 23, 2014, I served the above and foregoing ***Unopposed Motion for Order Permitting Plaintiffs to File Documents Under Seal***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                 /s/ Ari J. Scharg