IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>     v.<br><br>REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No. 2:12-cv-15014-GER-RSW<br><br>Hon. Gerald E. Rosen<br><br>Mag. Judge R. Steven Whalen |

## PLAINTIFFS' OBJECTIONS
## TO THE DECLARATION OF MICHAEL WOKOSIN

In support of its Motion for Summary Judgment, Defendant Redbox Automated Retail, LLC ("Redbox") substitutes deposition testimony for a declaration by its Vice President of Marketing, Michael Wokosin, which contains a slew of inadmissible testimony. (*See* Dkt. 48.) Specifically, Mr. Wokosin:

（a) Testifies as to the legal meaning of terms in the Video Rental Privacy Act ("VRPA") and the federal Video Privacy Protection Act ("VPPA");

(b) Describes the legal relationship between Redbox and its vendors; and

(c) Interprets the contractual language between Redbox and its vendors.

These are matters on which Mr. Wokosin lacks personal knowledge and is not competent to testify. Accordingly, as detailed below, Plaintiffs Michelle Cain and Radha Sampat ("Plaintiffs") object to this evidence and request that such testimony

be stricken.

I.      **Legal Standard**

Declarations submitted in support of summary judgment must be made on personal knowledge, set out admissible facts, and otherwise show the declarant is competent to testify on the subject matter presented. Fed. R. Civ. P. 56(c)(4); *Woida v. Genesys Reg'l Med. Ctr.*, — F. Supp. 2d —, 2014 WL 1017099, at *8 (E.D. Mich. Mar. 18, 2014); *see also Shazor v. Prof'l Transit Mgmt., Ltd.*, 744 F.3d 948, 960 (6th Cir. 2014) (noting summary judgment evidence must "comport with the rules of evidence, including the rules on hearsay"). Mr. Wokosin's declaration falls far short of this standard and "[i]t is well settled that courts should disregard conclusions of law (or 'ultimate fact') found in affidavits." *F.R.C. Int'l, Inc. v. United States*, 278 F.3d 641, 643 (6th Cir. 2002) (affirming district court's rejection of testimony that drew legal conclusion about meaning of term "recovery" as used in environmental treaty).

II.     **Mr. Wokosin Cannot Interpret the Meaning of the VRPA.**

Through his declaration Mr. Wokosin seeks to perform the job of his counsel and this Court by providing "testimony" interpreting the meaning of the VRPA. (Dkt. 48 ¶ 5.) Mr. Wokosin, however, is not competent to interpret the VRPA, and his testimony doing so is inadmissible. It is axiomatic that "[t]he interpretation of the laws is the proper and peculiar province of the courts." *Davis v. Straub*, 430

F.3d 281, 297 (6th Cir. 2005) (quoting The Federalist No. 78 (Alexander Hamilton)); *In re Delphi Corp. Sec., Derivative & Erisa Litig.*, 602 F. Supp. 2d 810, 829 (E.D. Mich. 2009) ("It is well-settled that it is the sole province of the court to determine the applicable law and expert testimony expressing a legal conclusion is not allowed.").

Despite these clear limits on the subject of his testimony, from the outset of his Declaration Mr. Wokosin seeks to offer his interpretation of the Michigan statute at issue by proclaiming:

> I am personally familiar with both the federal Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA") and the Michigan Video Rental Privacy Act, MCL § 445.1711, *et seq*. ("VRPA"). I understand that these statutes are intended to protect as confidential information that both identifies a specific person and the specific movie rented by that person. I will refer to this information in this Declaration as 'personal rental history.'

(Dkt. 48 ¶ 5.) Mr. Wokosin cannot offer his interpretation that the VRPA protects "information *that both identifies a specific person and the specific movies rented by that person*" and bolster his legal analysis of the VRPA by using his own definition of "personal rental history" through the remainder of his Declaration. (*See* Dkt. 48 ¶¶ 33, 34, 36, 37, 39, 46–48.)[1] Mr. Wokosin also attempts to define what is and what is not in the "ordinary course of business," which is also a legal

---

[1] Further, as explained in Plaintiffs' Response in Opposition to Redbox's Motion for Summary Judgment, that interpretation of the VRPA is wrong, as it conflicts with the statute's plain language.

3

term specifically defined in the VPPA. Whether the VPPA's exception for disclosures made in the "ordinary course of business," 18 U.S.C. § 2710(b)(2)(E) applies at all, let alone whether Redbox's third party vendors fall within that definition, is purely a legal matter.

The proper interpretation of what is and what is not protected by the VRPA is a matter for this Court—not for Mr. Wokosin. As such, Mr. Wokosin's interpretation of the VRPA and self-serving definitions of "personal rental history" and "ordinary course of business" should be disregarded.

### III. Mr. Wokosin Is Not Competent to Make Legal Conclusions About the Relationship Between Redbox and Its Third Party Vendors.

In addition to providing his legal analysis of the coverage of the VRPA, Mr. Wokosin's declaration also seeks to provide testimony on whether certain vendors are Redbox's "agents." (*See* Dkt. 48 at 9 ¶¶ 32-36, 39-40, 47.) This is improper as lay witness testimony that uses terms that "have a separate, distinct and specialized meaning in the law different from that present in the vernacular" should be excluded. *Torres v. Cnty. of Oakland*, 758 F.2d 147, 151 (6th Cir. 1985); *see also United States v. Parris*, 243 F.3d 286, 289 (6th Cir. 2001) ("*Torres* mandates exclusion of lay opinion testimony containing terms which have 'a separate, distinct, and specialized meaning in the law different from that present in the vernacular,' . . . .") But this is precisely what Mr. Wokosin does.

The term "agent," as used in the VRPA, M.C.L. § 445.1712, is a legal term

4

with specialized meaning. *See, e.g., O'Neill v. Dep't of Hous. & Urban Dev.*, 220 F.3d 1354, 1360 (Fed. Cir. 2000) ("[the statute] employs a term—'agent'—that has a well-established and long-standing common-law meaning."); *see also In re Bradley Estate*, 835 N.W.2d 545, 550–51 (Mich. 2013) ("[W]hen the Legislature chooses to employ a common-law term without indicating an intent to alter the common law, the term will be interpreted consistent with its common-law meaning."). Whether Redbox's third party vendors are its "agents" under Michigan common law is a point of legal contention in the parties' motions for summary judgment and not a point on which Mr. Wokosin should be providing his biased lay-person legal opinion. As such, Mr. Wokosin's testimony in his declaration claiming any third party is an "agent" of Redbox should therefore be stricken.

## IV. Mr. Wokosin Cannot Interpret Redbox's Vendor Contracts.

Finally, Mr. Wokosin offers declaration testimony about the legal effect of various provisions of Redbox's contracts with certain vendors. The interpretation of contractual provisions is a legal conclusion, and Mr. Wokosin's opinions should be given no weight. *See A. L. Pickens Co. v. Youngstown Sheet & Tube Co.*, 650 F.2d 118, 121 (6th Cir. 1981) (holding that director's opinion in an affidavit as to the meaning of contract term was not entitled to "any weight whatsoever" because construction of the contract was question of law governed by rules of construction); *see also Harrah's Entm't, Inc. v. Ace Am. Ins. Co.*, 100 F. App'x

387, 394 (6th Cir. 2004) (holding that district court did not abuse its discretion in striking affidavits that contained legal conclusions as to whether insurance agreements covered loss).

Instead of relying on his deposition testimony or documents produced in response to Plaintiff's discovery requests,[2] Mr. Wokosin declares without factual basis that:

> Redbox's agreements with its service providers also contain confidentiality provisions requiring those companies to protect all data or information provided to them, including Redbox's customer information, and those contracts also specify that all information remains subject to the ownership and control of Redbox, and can only be used to carry out the functions requested by Redbox. Redbox also contractually controls the services provided, and at all times retains legal control over the services under the various contracts.

(Dkt. 48 ¶ 32; *see also id.* ¶¶ 34–35, 38–39.) It is the province of the finder of fact, not a lay witness like Mr. Wokosin, to determine the effect and proper interpretation of the vendor agreements, and his testimony on these matters must be disregarded.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs Michelle Cain and Radha Sampat respectfully request that the Court (i) exclude Mr. Wokosin's testimony interpreting the VRPA and VPPA, (ii) exclude Mr. Wokosin's testimony

---

[2] "Post-deposition affidavits are particularly subject to close scrutiny." *United Mine Workers of Am. v. Am. Commercial Lines Trans. Servs.*, LLC, No. 08-cv-1777, 2010 WL 3721544, at *2 (E.D. Mo. Sept. 15, 2010).

describing the legal relationship between Redbox and its vendors, (iii) exclude Mr. Wokosin's testimony interpreting Redbox's vendor contracts, and (iv) provide such further relief that the Court deems equitable and just.

Dated: October 10, 2014

Respectfully submitted,

**MICHELLE CAIN and RADHA SAMPAT**,

By: s/ Ari J. Scharg
    One of Plaintiffs' Attorneys

Ari J. Scharg
ascharg@edelson.com
J. Dominick Larry
nlarry@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370

Brian C. Summerfield (P57514)
bsummerfield@bodmanlaw.com
BODMAN PLC
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
Tel: 313.259.7777

*Counsel for Plaintiffs and the Putative Class*

7

8

**CERTIFICATE OF SERVICE**

      I, Ari J. Scharg, an attorney, certify that on October 10, 2014, I served the above and foregoing ***Plaintiffs' Objections to the Declaration of Michael Wokosin***, by causing true and accurate copies of such paper to be filed and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                  s/ Ari J. Scharg