# Exhibit 1-B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHELLE CAIN and RADHA SAMPAT, individually, and on behalf of all others similarly situated, | ) ) ) | Case No. 2:12-cv-15014-GER-LJM |
| | ) | |
| Plaintiffs, | ) ) | Hon. Gerald E. Rosen |
| | ) | |
| v. | ) ) | |
| | ) | |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

### DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S OBJECTIONS AND DESIGNATIONS IN RESPONSE TO
### PLAINTIFF MICHELLE CAIN'S RULE 30(b)(6) NOTICE OF DEPOSITION

Defendant Redbox Automated Retail, LLC ("Redbox"), by its undersigned counsel, and

pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, hereby responds as follows

to Plaintiff Michelle Cain's Rule 30(b)(6) Notice of Deposition, issued March 19, 2014

("Deposition Notice"):

### SPECIFIC OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS

### DEPOSITION TOPIC NO. 1:

The purposes for and manner in which You disclose or otherwise make available Your Customers' Personal Information to third parties, and the identities of such parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox objects to

this Deposition Topic as overly broad, unduly burdensome, vague, ambiguous, and as seeking

information that is neither relevant to the current subject matter of this litigation nor reasonably

likely to lead to the discovery of admissible evidence to the extent it covers information that goes

beyond that covered by the Michigan VRPA. Redbox also objects on burdensomeness grounds

because the information sought by this deposition topic was already provided in Redbox's written responses to Plaintiffs' interrogatories and was the subject of at least two Rule 30(b)(6) depositions taken in *Sterk v. Redbox Automated Retail,* 11-cv-1729 (N.D. Illinois). Specifically, this Topic is duplicative to Topic 2 of Jiah Chung's request for Rule 30(b)(6) Deposition testimony in the *Sterk* matter. Redbox will stipulate that such testimony may be used in this case, which negates the need for a deposition on this topic. Furthermore, Redbox objects to this Deposition Topic because it contains a false factual premise that any such disclosures occur. The prior testimony and interrogatory responses demonstrate that Personal Information is not disclosed to any third-parties apart from Redbox's customer service agent, Stream Global Services, Inc.

Subject to and without waiving those objections, Redbox designates Michael Wokosin, VP, Digital Marketing, as its Rule 30(b)(6) witness for any information requested in this Topic that was not previously included in prior Rule 30(b)(6) testimony from Redbox.

## DEPOSITION TOPIC NO. 2:

Whether, and to what extent, any third parties have access to Your Customer's Personal Information.

**RESPONSE**: In addition to its General Objections set forth below, Redbox incorporates its objections from Topic No. 1 which apply equally to this Topic. This topic is duplicative of Topic 3 of Jiah Chung's request for Rule 30(b)(6) Deposition testimony in the *Sterk* matter.

Subject to and without waiving those objections, Redbox designates Michael Wokosin, VP, Digital Marketing, as its Rule 30(b)(6) witness for any information requested in this Topic that was not previously included in prior Rule 30(b)(6) testimony from Redbox.

## DEPOSITION TOPIC NO. 3:

The nature of Your relationship with any third parties to whom You disclose or otherwise make available Your Customers' Personal Information.

**RESPONSE**: In addition to its General Objections set forth below, Redbox objects on burdensomeness grounds because the information sought by this deposition topic was already provided in Redbox's written responses to Plaintiffs' interrogatories and was the subject of at least two Rule 30(b)(6) depositions taken in *Sterk v. Redbox Automated Retail*, 11-cv-1729 (N.D. Illinois).  Redbox will stipulate that such testimony may be used in this case, which negates the need for a deposition on this topic.  Furthermore, Redbox objects to this Deposition Topic because it contains a false factual premise that any such disclosures occur.  The prior testimony and interrogatory responses demonstrate that Personal Information is not disclosed to any third-parties apart from Redbox's customer service agent, Stream Global Services, Inc.

Subject to and without waiving those objections, Redbox designates Michael Wokosin, VP, Digital Marketing, as its Rule 30(b)(6) witness for any information requested in this Topic that was not previously included in prior Rule 30(b)(6) testimony from Redbox.

**DEPOSITION TOPIC NO. 4:**

Any revenue or benefits You have obtained through disclosing or otherwise making available Your Customers' Personal Information to third parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox objects on burdensomeness grounds because the information sought by this deposition topic was already provided in Redbox's written responses to Plaintiffs' interrogatories, which stated that Redbox did not obtain any revenue or benefits as a result of such alleged disclosures, and that no such disclosures occur, because it is only Redbox's customer service agent, Stream Global Services, Inc., that would have access to such information.

Subject to and without waiving these objections, Redbox designates Michael Wokosin, VP, Digital Marketing, as its Rule 30(b)(6) witness for this topic.

**DEPOSITION TOPIC NO. 5:**

The manner in which You purport to obtain Your Customers ' consent to disclose or otherwise make available their Personal Information to third parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox objects on

burdensomeness grounds because the information sought by this deposition topic was already

provided in Redbox's written responses to Plaintiffs' interrogatories and was the subject of at

least two Rule 30(b)(6) depositions taken in *Sterk v. Redbox Automated Retail,* 11-cv-1729 (N.D.

Illinois). Specifically, this Topic is duplicative to Topic 6 of Jiah Chung's request for Rule

30(b)(6) Deposition testimony in the *Sterk* matter. Redbox will stipulate that such testimony

may be used in this case, which negates the need for a deposition on this topic. Furthermore,

Redbox objects to this Deposition Topic because it contains a false factual premise that any such

disclosures occur. The prior testimony and interrogatory responses demonstrate that Personal

Information is not disclosed to any third-parties apart from Redbox's customer service agent,

Stream Global Services, Inc.

Subject to and without waiving those objections, Redbox designates Michael Wokosin,

VP, Digital Marketing, as its Rule 30(b)(6) witness for any information requested in this Topic

that was not previously included in prior Rule 30(b)(6) testimony from Redbox.

**DEPOSITION TOPIC NO. 6:**

The manner in which You purport to notify Your Customers that their Personal Information will be disclosed or otherwise made available to third parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox incorporates

its objections from Topic 5 above, which apply equally to this Topic. This topic is duplicative of

Topic 5 of Jiah Chung's request for Rule 30(b)(6) Deposition testimony in the *Sterk* matter.

4

Subject to and without waiving those objections, Redbox designates Michael Wokosin,

VP, Digital Marketing, as its Rule 30(b)(6) witness for any information requested in this Topic

that was not previously included in prior Rule 30(b)(6) testimony from Redbox.

**DEPOSITION TOPIC NO. 7:**

The manner in which You purport to have obtained Plaintiffs' consent to disclose or otherwise make available their Personal Information to third parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox incorporates

its objections and designation from Topic 5 as if set forth in full in response to this Topic.

**DEPOSITION TOPIC NO. 8:**

The manner in which You purport to have notified Plaintiffs' that their Personal Information would be disclosed or otherwise made available to third parties.

**RESPONSE**: In addition to its General Objections set forth below, Redbox incorporates

its objections and designation from Topic 6 as if set forth in full in response to this Topic.

## GENERAL OBJECTIONS

1.      The Objections and statements set forth in this section apply to each Deposition

Topic set forth the Deposition Notice and are not necessarily repeated in response to each

Deposition Topic.  The assertion of the same, similar or additional objections in Redbox's

specific Objections to individual Deposition Topics or the failure to assert any additional

Objection to an Deposition Topic does not waive any of Redbox's Objections set forth in this

section or the following section.

2.      Redbox objects to Plaintiff's Deposition Topics to the extent they seek

documents or information concerning Redbox's policies and practices outside the statute of

limitations for the Plaintiffs' cause of action.

3.      Redbox objects to Plaintiff's Deposition Topics to the extent they seek

documents or information that is: (i) subject to the attorney-client privilege; (ii) subject to the

attorney work product doctrine; or (iii) subject to any other applicable privilege or doctrine. Nothing contained in these Objections is intended as, or shall in any way be deemed, a waiver of any attorney-client privilege, any work product privilege, or any other applicable privilege or doctrine.

4.     Redbox objects to Plaintiff's Deposition Topics to the extent they seek to impose an obligation on Redbox that is greater than the obligations imposed by the Federal Rules of Civil Procedure.

5.     Redbox objects to Plaintiff's Deposition Topics to the extent they seek documents or information concerning Redbox's customers other than Named Plaintiffs, including information protected by the Michigan Video Rental Privacy Act ("VRPA") belonging to other customers.

6.     Redbox objects to Plaintiff's Deposition Topics to the extent they seek information that: (i) is not in the possession or control of Redbox; (ii) is already within the possession or control of Plaintiffs; or (iii) is obtainable with equal or greater facility by Plaintiffs.

7.     Redbox objects to the definition of "Personal Information" contained in these Deposition Topics as inconsistent with and contrary to the definition of that term as contained in the VRPA.  In responding to these Deposition Topics, Redbox will construe the term "Personal Information" when used to have the same meaning as the information protected from disclosure in the VRPA.

8.     Redbox objects to the Deposition Topics as overly broad, vague, and ambiguous, which renders it difficult for Redbox to determine the nature of questions and corresponding knowledge necessary for the designated deponent.  To the extent the questioning exceeds the

6

scope of Redbox's construction of any particular Deposition Topic, Redbox reserves the right to supplement its designations with additional deponents.

9.     These General Objections are made without waiver of: (i) Redbox's right to further object, on the grounds of competency, privilege, relevancy, materiality, or any other proper grounds, to the use of any information for any purpose in whole or in part, in any subsequent proceeding in this or any other action; (ii) the right to object on any and all grounds, at any time, to other Deposition Topics for information, or other discovery procedures involving or relating to the subject matters of the Deposition Notice; and (iii) the right at any time to revise, correct, add to, or clarify any of the Responses made herein as required by the applicable Federal Rules of Civil Procedure.

Dated:  March 28, 2014

By: _____
One of the Attorneys for Defendant
Redbox Automated Retail, LLC

| | |
|---|---|
| Peter B. Kupelian (P31812) | Donna J. Vobornik |
| Carol G. Schley (P51301) | John Grossbart |
| CLARK HILL PLC | Anthony T. Eliseuson (Admission Pending) |
| 500 Woodward Avenue, Suite 3500 | DENTONS US LLP |
| Detroit, MI  48226 | 233 South Wacker Drive, Suite 7800 |
| (313) 965-8386 | Chicago, IL  60606 |
| (313) 309-6886 (fax) | (312) 876-8000 |
| pkupelian@clarkhill.com | (312) 876-7934 (fax) |
| cschley@clarkhill.com | donna.vobornik@dentons.com |
| | john.grossbart@dentons.com |
| | anthony.eliseuson@dentons.com |

7

## CERTIFICATE OF SERVICE

I, John Grossbart, an attorney, hereby certify that on March 28, 2014, I served a copy of

the foregoing on the following counsel for Plaintiffs Michelle Cain and Radha Sampat:

Ari J. Scharg
James D. Larry
Mark S. Eisen
EDELSON P.C.
350 N. LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
ascharg@edelson.com
nlarry@edelson.com
meisen@edelson.com
Brian C. Summerfield

BODMAN PLC
6th Floor at Ford Field
1901 St. Antoine Street
Detroit, Michigan 48226
Tel: (313) 393-7561
Fax: (313) 393-7579
bsummerfield@bodmanllp.com

via e-mail and U.S. Mail, postage pre-paid, to the addresses noted above.

_____
John Grossbart

826o5315\V-7