IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE CAIN and RADHA SAMPAT,
Individually, and on behalf of all others similarly
Situated,

                      Plaintiffs,

v.

REDBOX AUTOMATED RETAIL, LLC,

                      Defendant.

Case No. 2:12-cv-15014
Honorable Gerald E. Rosen

**DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S
NOTICE OF SUPPLEMENTAL AUTHORITY**

In support of its pending Motion for Summary Judgment (ECF 46) and in opposition to Plaintiffs' pending Motion for Partial Summary Judgment (ECF 53), Defendant Redbox Automated Retail, LLC ("Redbox"), by and through its undersigned counsel, hereby submits *Rodriguez v. Sony Computer Entertainment America, LLC*, No. 12-17391, 2015 WL 5166788 (9th Cir. Sept. 4, 2015) as supplemental authority.

      1.     Plaintiffs' Complaint alleges that Redbox violated the Michigan Video Rental Privacy Act ("VRPA"), M.C.L. §445.1711, *et seq.*, by disclosing Plaintiffs'

movie rental history to third-party service providers that were retained by Redbox to provide core Redbox business functions. *See* ECF 10 at 12.

2. As Redbox argued in its Motion and in opposition to Plaintiffs' Cross Motion, disclosures to such third-parties who provide, among other things for example, customer and marketing related services, is permissible because the VRPA does not prohibit disclosures to those who are acting as Redbox's "agents" in carrying out its core business functions. *See, e.g.,* ECF 46 at 11-15; M.C.L. § 445.1712.

3. The Video Privacy Protection Act ("VPPA")—the federal statue upon which the VRPR is modeled and which Redbox has asserted should be deemed incorporated into the Michigan statute—expressly permits disclosures that occur in the "ordinary course of business," such as "order fulfillment" and "request processing." 18 U.S.C. § 2710(a)(2). *See* ECF 46 at 19-21; 68 at 21; 72 at 6-7. In *Rodriguez v. Sony*, the Ninth Circuit joined the Seventh Circuit and other courts in reaching the common-sense conclusion that disclosures in the ordinary course to third-party service providers are permissible because the VPPA was not intended to inhibit companies' operations by prohibiting such routine practices. As the Ninth Circuit reasoned, the federal VPPA's legislative history "reflects Congress' awareness of the unremarkable fact that no business is an island and that video tape services providers, like many other businesses, 'may use third parties in their

business operations,'" and further observed that the "functions performed by these third parties fall within the definition of 'order fulfillment' or 'request processing,'" thus allowing disclosure of personally identifiable information to such third-parties to perform those types of functions. *Rodriguez v. Sony Computer Entm't Am., LLC*, No. 12-17391, 2015 WL 5166788, at *8 (9th Cir. Sept. 4, 2015) (following and approving of *Sterk v. Redbox*, 770 F.3d 618 (7th Cir. 2014) (holding the alleged disclosures to Stream that are also at issue in this case were squarely within the ordinary course of business exception to the VRPA)).

4. No sound basis exists for interpreting and applying Michigan's VRPA differently. The reasoning adopted by the Ninth Circuit applies with equal force to Michigan's VRPA, and thus fully supports Redbox's position in the pending motions.

5. Redbox hereby certifies there was a conference between the attorneys for Redbox and Plaintiffs on September 21, 2015, at which time Redbox's counsel explained the nature of this notice and Redbox's intent to apprise the Court of the *Rodriguez* decision. The parties were unable to reach an agreement regarding the content of this notice.

**WHEREFORE**, Defendant Redbox Automated Retail, LLC respectfully submits the recent decision in *Rodriguez v. Sony Computer Entertainment America, LLC* as supplemental authority in support of its Motion for Summary Judgment

and in opposition to Plaintiffs' Motion for Partial Summary Judgment.

Dated:  September 21, 2015        Respectfully submitted,

/s/  John Grossbart

| | |
|---|---|
| Peter B. Kupelian (P31812)<br>Carol G. Schley (P51301)<br>CLARK HILL PLC<br>151 S. Old Woodward Ave., Suite 200<br>Birmingham, Michigan 48009<br>pkupelian@clarkhill.com<br>cschley@clarkhill.com | Donna J. Vobornik<br>John Grossbart<br>Anthony T. Eliseuson<br>DENTONS US LLP<br>233 South Wacker Drive, Suite 7800<br>Chicago, IL  60606<br>(312) 876-8000<br>(312) 876-7934 (fax)<br>donna.vobornik@dentons.com<br>john.grossbart@dentons.com<br>anthony.eliseuson@dentons.com |

*Attorneys for Defendant Redbox Automated Retail, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

/s/ John Grossbart